W. F. LAKE v. F. S. BOULWARE, GUARDIAN, ET AL.

No. 2263.

1. **Homestead Exemption—Value of City Lots—Time of Designation.**

Where the head of a family has designated as his residence and business homestead certain city lots worth less than $5000 at the time, he can not afterwards add another lot to the homestead exemption, if in the meantime the original lots have increased in value beyond the constitutional limit of $5000, exclusive of the improvements thereon.

2. **Same—Second Designation.**

Under section 51, article 16, of the constitution, providing that, "The homestead in a city shall consist of a lot or lots not to exceed in value $5000 at the time of

their designation as the homestead, without reference to the value of any improvements thereon," a second designation of the homestead may be made, so as to include property acquired since the first one, but in such case the entire property so designated must be within the constitutional limitation of value, estimated at the date of the last designation.

APPEAL from Tarrant.   Tried below before Hon. W. D. HARRIS.

*Ross & Chapman,* for appellant.

*Capps & Canty,* for appellees.—A city homestead, of the maximum value, cannot be increased by purchasing additional lots, although it may not have filled the constitutional measure at the time of its acquisition. If a city homestead is increased by annexing additional lots, the designation of "homestead" is of date of the last addition.   Constitution of Texas, art. 16, sec. 51; Richard v. Nelms, 38 Texas, 446.

TARLTON, CHIEF JUSTICE.—With a view to a proper disposition of this appeal and of the two assignments of error presented in the brief of appellant, this case may be thus accurately stated:

During the year 1875 the appellant, who was the head of a family, purchased a lot on Monroe street, in the City of Fort Worth.   Of this lot he then made his residence homestead.   At the time it was, exclusive of improvements, of the value of $400.   During the year 1877 Lake purchased lot No. 1, in block No. 38, of the City of Fort Worth.   It was then of the value of $1500, exclusive of improvements.   Immediately on the acquisition of this property he proceeded to use it as a business homestead.

On July 13, 1880, the appellant Lake acquired lot No. 2, in block No. 38, of the City of Fort Worth.   At the time this lot was in value, exclusive of improvements, not less than $1000 nor more than $1300.   He proceeded at once to use it, in connection with lot No. 1, as his business homestead.   At the last named date the aggregate value, exclusive of improvements, of the residence lot on Monroe street and of the business lot No. 1, in block No. 38, exceeded $5000.

On September 20, 1885, the appellant Lake mortgaged lot No. 2, in block No. 38, which mortgage is sought in this suit to be foreclosed.   At the date of the mortgage the appellant was occupying the lot on Monroe street as his residence homestead, and the two lots (1 and 2, in block 38) as his business homestead.

The question presented is, whether upon the foregoing facts lot No. 2, in block No. 38, should be regarded as exempt from the operation of the mortgage, as a part of the business homestead of the appellant.

With the court and jury below, we answer this question in the negative.

Article XVI, sec. 51, of our present Constitution, provides that, "The homestead in a city   *   *   *   shall consist of lot or lots not to exceed in value $5000 at the time of their designation as the homestead, without

reference to the value of any improvements thereon, provided that the same shall be used for the purposes of a home or as a place to exercise the calling or business of the head of a family.     *     *     *"

On July 13, 1880, when Mr. Lake acquired lot 2, he had already designated the lot on Monroe street and lot No. 1, in block 38, as his residence and business homestead, respectively. These lots then exceeded in value the sum of $5000, without reference to improvements. Had they been worth as much as $100,000, they would have been exempt from execution, in accordance with a doctrine long established in this State. Swayne v. Chase, 30 S. W. Rep., 1049.

In the latter contingency, could it be reasonably said that Lake would under our Constitution be permitted to designate and claim as exempt an additional lot or lots, because the lots in the first instance selected as a homestead were of value, when selected, less than $5000, exclusive of improvements? From such a consummation the mind instinctively and spontaneously turns, with a proneness to dissent. Yet this proposition must be true, if the position of the appellant be tenable.

We deem the conclusion reached by us to be in accord both with the spirit and the letter of the constitutional provision. We cannot impute to the framers of this instrument an intention to permit a debtor to increase by means of a second designation the homestead exemption, when at the date of the second designation he already owned exempt property in excess of the maximum value contemplated by the Constitution.

"The homestead in a city     *     *     *     shall consist of lot or lots not to exceed in value $5000 at the time of their designation as the homestead, without reference to the value of any improvements thereon.     *     *     *" On July 13, 1880, when Lake designated lot 2 as his business homestead, or as a part thereof, his homestead had in all respects been established, and at the time of the designation of lot No. 2 this homestead, a unit, consisted of lot or lots exceeding in value $5000, without reference to the value of the improvements.

In regard to lot 2 here involved, we think that the effect of the designation must be determined as if the designation of the homestead had occurred on that day. "The homestead in a city shall consist of lot or lots not to exceed in value $5000 at the time of their designation as a homestead." The plural "their" includes the singular "its." With reference to lot 2, on July 13, 1880, the date of its designation, the homestead of Lake consisted of two other lots which exceeded $5000, exclusive of the value of the improvements. It follows that the designation of lot 2 was futile. This conclusion finds support in the opinion of the Supreme Court in Richards v. Nelms, 38 Texas, 446.

If on July 13, 1880, the residence lot on Monroe street and the business lot 1 had been of value less than $5000, Lake would have been empowered to impress by use and occupancy the homestead character upon lot No. 2, provided that, in connection with the two remaining lots, it did not exceed the limit of the constitutional value. In this event his action would have been, as we think, equivalent to an abandonment of

the prior designation and to a resort to the second designation of the homestead, a course seemingly not condemned by the Constitution. When the first designation ceased to be operative, the second eo instanti took effect.

We believe that our Constitution contemplates a single urban homestead, resting as such upon a single designation. This homestead may consist of different properties acquired at different periods, of property used for purposes of a residence and of property used as a place of business. So the single or final designation may be the culmination or absorbent, so to speak, of preceding different designations of property within the fixed limit of value. As a condition of exemption, the requirement always remains that "at the time of their designation" the lot or lots shall not exceed the prescribed value.

We do not concur with appellant's counsel, that the rule thus applied would subject to execution any increase in the value of the lot on Monroe street and of the business lot No. 1.

The judgment is affirmed.

*Affirmed.*

Delivered March 7, 1896.

Writ of error refused.