## A. A. MOORE ET AL. V. FRANK DUNN.

Delivered May 19, 1897.

**1. Impaneling Jury—Objection to Talesman.**

Where it is discovered, after the selection of a jury, that one of them is missing, and can not be found, the action of the court in permitting a talesman to go on the jury, over objections of one of the parties who had exhausted all his peremptory challenges, is not reversible error, where there is no showing of any valid objection to such last juror, or that he would have been challenged peremptorily, if the party objecting had had any further peremptory challenges, or that such party demanded a re-selection of the jury and a new list of the regular jurors actually in attendance, as the statute contemplates.

**2.  Charge of Court—Abandonment of Homestead.**

It is not error for the court to refuse a charge which requires that the evidence clearly establish an abandonment of the homestead.

**3.  Homestead—Abandonment—Wife's Intention to Return.**

The husband and wife having left the homestead and taken board elsewhere, and the wife having then left the husband and gone to another State with another man, her intention to return to the homestead does not preserve her homestead right therein as against a purchaser of the property from the husband during her absence, who is without actual or constructive notice of her intention to return.

**4.  Same—Cases Discussed and Doubted.**

Portwood v. Newberry, 29 Texas, 337, and Hudson v. Wynne, 66 Texas, 9, discussed, and doubted in so far as they intimate that where husband and wife have ceased to use the homestead, the intention of the husband alone not to return and use the property is sufficient to authorize its full conveyance by him.

**5.  Practice on Appeal—Erroneous Charge.**

Appellant can not complain of error in the charge of court favorable to himself.

APPEAL from Harris.  Tried below before Hon. S. H. BRASHEAR.

*W. M. Holland* and *Allen & Watkins*, for appellants.—1.  When a jury has been selected, and a juror who has been selected by both parties from the regular panel for the week leaves the court room, and when both of the parties had exhausted their challenges so that the first talesman picked up was put on the jury, the party losing has been deprived of his legal number of strikes, and the right to a trial by a jury that has been properly selected; and the law will presume that said losing party has been injured by said action.  Rev. Stats. 1895, arts. 3212, 3216-3225; Wade v. State, 12 Texas Crim. App., 358; Railway v. Waller, 56 Texas, 331.

2.  The court erred in refusing to give this special charge: "You are instructed that a homestead once established is never abandoned until another homestead is acquired, or by the husband and wife permanently remaining away from it with the fixed intention never to return.  Shepherd v. Cassiday, 20 Texas, 29; Stalling v. Hullum, 35 S. W. Rep., 2; Gouhenant v. Cockrell, 20 Texas, 97; Woolfolk v. Ricketts, 41 Texas, 362; Graves v. Campbell, 74 Texas, 579.

3.  The husband can not abandon a homestead once established without the concurrence of his wife, and her concurrence in temporarily living away from the homestead, with no intention of abandoning it on her part, is no abandonment of the homestead, although the husband may have intended to abandon it.  Smith v. Uzzell, 56 Texas, 318; Newman v. Farquhar, 60 Texas, 644; Dykes v. O'Connor, 83 Texas, 161; Cullers & Henry, v. James, 66 Texas, 497; Wynne v. Hudson, 69 Texas, 9.

4.  The court erred in instructing the jury that the burden of proof was upon the plaintiff and intervener in this cause to show that defendant, Frank Dunn, had notice of the fact that the property here in question was at the time of his purchase the homestead of John F. and Sudie M. Kuhlmann.  Where there is evidence sustaining both sides of an issue, it is error to charge that the burden of proof is on either side, and such charge is misleading to a jury.  Tel. Co. v. Bennett, 1 Texas Civ. App.,

558; Railway v. Geiger, 79 Texas, 13; Tel. Co. v. Gildersleeve, 96 Am. Dec., 519; Graves v. Campbell, 74 Texas, 579.

5. Under the evidence in this case the judgment should have been for the appellants. Const. of Texas, sec. 50; Rev. Stats. 1895, art. 636; Crockett v. Templeton, 65 Texas, 135; Kirkland v. Little, 41 Texas, 456; Rogers v. Renshaw, 37 Texas, 625; Campbell v. Elliott, 52 Texas, 151; McMillan v. Warren, 38 Texas, 411; Randall v. Railroad, 63 Texas, 386; Wynne v. Hudson, 66 Texas, 1.

*E. P. Turner*, for appellee.—1. The court may legally excuse any juror on the regular weekly panel entirely, or until some other day of the term, at any time before the jury to try a particular case has been regularly drawn, selected, impaneled, and sworn, and the action of the court in doing so is not an abuse of discretion, nor will any party to such suit be thereby deprived of a legal right. Rev. Stats. 1879, art. 3179; Rev. Stats. 1895, art. 3185.

2. There is not shown by the record to have been any juror on the list or in the box that either one of the appellants desired to challenge, and as a consequence, if the action of the court in any respect, as excepted to by appellants, be error, it was immaterial, because not shown to be prejudicial to appellants. Snow v. Starr, 12 S. W. Rep., 674; Oil Co. v. Davis, 13 S. W. Rep., 665; Railway v. Terrell, 69 Texas, 650.

3. The deed of John F. Kuhlmann, the husband, executed after he had left the property, evidenced on his part an abandonment of the homestead, if same was ever such; and the rights of the wife were lost by her voluntarily leaving the place with her husband, when he abandoned it, and voluntarily remaining with him away from same. Portwood v. Newberry, 79 Texas, 337; Reese v. Renfro, 68 Texas, 192; Smith v. Uzzell, 56 Texas, 315; Waples on Homestead and Exemption, pp. 562, 563, sec. 2, and cases cited as to intent to return.

4. Even homestead rights are lost by such abandonment and acts as to render it inequitable and a fraud upon an innocent purchaser for value to assert them. Reese v. Renfro, 68 Texas, 192; Smith v. Uzzell, 56 Texas, 316; Woolfolk v. Ricketts, 48 Texas, 28; Shepherd v. Cassiday, 20 Texas, 24.

5. As to abandonment of husband by wife, see Duke v. Reed, 64 Texas, 705; Sears v. Sears, 45 Texas, 559; Fullerton v. Douglas, 18 Texas, 13; Earle v. Earle, 9 Texas, 630; Trawick v. Harris, 8 Texas, 316; Newland v. Holland, 45 Texas, 589; Cockrell v. Curtis, 18 S. W. Rep., 436; Waples on Homestead and Exemptions, 67.

JAMES, CHIEF JUSTICE.—In the latter part of 1892, John Kuhlmann and wife lived upon the property in question in the city of Houston for a few months, then moved away from it and boarded in Houston. About June 17, 1893, the wife left Houston and went to California, returning several weeks later. While she was away, Kuhlmann sold the property to appellee. In October, 1893, she (her husband joining in the deed, al-

though they were not then living together) conveyed the property to A. A. Moore, who afterwards, pending the suit, conveyed it to the intervener Taylor. The suit was originally brought by Moore in ordinary trespass to try title. Taylor, who became the interested claimant, filed a petition of intervention, stating his purchase from Moore and his title, and alleging defendant's title to consist of a previous deed dated July 8, 1893, which deed he charged was void because it was at that time the homestead of Kuhlmann and wife, which fact defendant knew, and the deed executed by the husband alone, without the knowledge of the wife; that said deed was a cloud upon intervener's title, and prayed for judgment for the land and possession, and that the deed be canceled and held for naught.

To this the defendant Dunn pleaded the general issue, and alleged that the property was never homestead, and if it had been, that it had been long before the sale abandoned by them as such; that the wife had also forfeited her claim to homestead by deserting her husband and going to California in company with another man. The existence of the deed to Moore and to Taylor is stated, and for the above reasons, and because no consideration was given for the conveyance to Moore, it was charged to be void, and said deeds were asked to be removed as clouds on defendant's title.

The first, second, third, and fourth assignments ask a reversal for alleged error in the selection of the jury. It seems that each party was furnished by the clerk with a list of the regular jurors for the week, twenty in number. Plaintiff and the intervener exhausted their six challenges, and defendant four challenges, and the result was ten men selected. One of these was excused by consent, leaving nine. The court then ordered the sheriff to summon five talesmen, which was done, and when plaintiff and intervener exercised their remaining challenges the jury was sworn in. It was then discovered that there were only eleven present, one of the twelve selected, D. K. Munger, being absent, and after considerable search was not found, whereupon the court allowed another talesman to go upon the jury, over the objection of plaintiff and intervener, who, having no further peremptory challenges, insisted on having the absent juror and asked a postponement of the case to get him, and objected to seating the talesman instead of the absent juror. There is nothing in the bill of exceptions to show that plaintiff and intervener asked or desired to have the jury drawn anew. The question is, does it appear that the parties were prejudiced by the action of the court allowing the talesman to become one of the jury? There is no intimation in the bill of exceptions that they had any objection to this juror, or would have challenged him peremptorily had they further peremptory challenges; and if he were objectionable to them, they might, for all that appears, have challenged him for cause. Under these circumstances it can not be said that it appears that the parties sustained any injury by the ruling.

We think also that their proper remedy, if they believed they had been prejudiced in respect to their peremptory challenges by the absence of

Munger, was to have demanded a reselection of the jury and a new list of the regular jurors actually in attendance as the statute contemplates, and not having asked or desired this, the court, under these circumstances, after reasonable search for the missing juror, properly proceeded to complete the jury by having another summoned.

In view of the charges given, the court did not err in refusing the charge mentioned in the fifth assignment. It was not error to refuse a charge which required that the evidence clearly establish abandonment (Rollins v. O'Farrell, 77 Texas, 95), therefore there was no error in refusing the charge mentioned in the sixth assignment. The only proposition advanced under the eighth assignment is, that a charge is misleading which places the burden of proof upon a litigant. This is not the law. The fact referred to in the eighth assignment was otherwise in evidence and uncontradicted, hence there is nothing in the assignment. The same may be said of the tenth, and there is no merit whatever in the eleventh and twelfth assignments. The matter referred to in the thirteenth assignment was of no consequence.

The fourteenth assignment is, that the judgment is erroneous, because the testimony conclusively shows that it was the intention of the wife to return to and occupy the property. The verdict of the jury, under proper charges, necessarily included the finding that the husband, at the time he made the sale, had formed the intention to abandon, and this fact we may assume in discussing the case. In one of the charges the court told the jury that it was necessary that the head of the family should never have abandoned the homestead; "that is, left it with the intention, concurred in by the wife, of never returning to and using it as such for himself and family." In another clause the court charged as follows: "If you believe from the evidence that John F. Kuhlmann removed with his family from the property in controversy, and with his family continued to live or board elsewhere, and after he and his family removed therefrom and while they were living or boarding elsewhere, he determined to abandon the same and never again to return to it as a homestead with his family, and with his family continued to live elsewhere, and his wife Sudie M. Kuhlmann willingly concurred with him in remaining away from same, and that such concurrence continued until after the sale of the same by Kuhlmann to Dunn, notwithstanding his wife Sudie M. Kuhlmann may have intended to return and use the same as a homestead, you will find for the defendant, unless you believe that such intention on her part was known to the defendant Dunn, or that he had constructive notice thereof at the time of the sale and conveyance of said property by Kuhlmann to said Dunn." In another part of the charge the court defined the term "constructive notice" to be knowledge of such facts and circumstances as would put a reasonably prudent man on such inquiry as, if being made, would have led to actual knowledge of the fact in question. It is readily seen that the latter charge dispenses with the necessity of the concurrence of the wife in the intention to abandon, where they are not residing upon the property, and the husband, having formed the intention to abandon

the property, conveys it, the purchaser not knowing of her contrary intention, or of facts that would reasonably have led to such knowledge. Appellants claim by the fifteenth assignment that the above charges are contradictory and confusing, and that therefore the judgment should be reversed. There is no conflict as claimed, for the latter simply undertakes to state an exception or qualification to the general rule announced in the former. The question is, does the latter present the law of the case correctly? The latter of the charges was evidently framed with special reference to what was said in Portwood v. Newberry, 79 Texas, 337, on the subject, which opinion tends to sustain the charge. Other expressions of the Supreme Court go to sustain the view, that when the parties have ceased to occupy the homestead and are living elsewhere, the concurrence of the wife in the husband's intention to abandon is not indispensable in every case.

In Hudson v. Wynne, 66 Texas, 9, the following views are stated: "Nor is it true, if, in good faith and as he deems best for them who are dependent upon him, he removes from a homestead with intent never to return to it again, that the homestead character will adhere to the abandoned home until the wife consents that it may cease." Also in the same case: "The use had ceased, and the question was whether the cessation was temporary only. Whether so or not may be shown by the acts of the husband alone." There are cases in other States which go to the extent of holding that the act of abandonment under such circumstances rests with the husband alone. Waples on Homestead and Exemption, 562, 563, and cases there cited. It is not necessary for us to so hold or to pass on this question at all, for the charge complained of does not go that far. We doubt the correctness of a rule which would give the husband the absolute power to dispose of the property without reference to the wife, merely because it is not then occupied by them. We are of opinion that the rule stated in the charge was correct as applicable to the testimony in this case. The wife had admittedly left her husband and left the State. She had, to say the least, created a condition of things calculated to lead to the impression that her absence was intended as permanent. The husband had the intention of abandoning the place as a home and of selling it. Under these circumstances the purchaser from the husband ought to be protected if he did not know of the wife's intention to return to the property, or of facts that would reasonably have informed him of the existence of such intention.

The verdict was not against the evidence, as is claimed, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—In reference to the eighth assignment, we withdraw the statement in the opinion that the fact referred to in that assignment was in evidence and uncontradicted. The statement was not

necessary, for we are of the opinion that it was not error for the court to state in its charge upon whom was the burden of proof. The case cited by counsel, Railway v. Geiger, 79 Texas, 21, does not so hold.

The court charged the jury to find for plaintiff unless they believed that the wife's intention to return was known to Dunn, or he had constructive notice thereof when he purchased. We understand appellants as contending that there was no evidence upon which to base constructive notice; hence, the charge was erroneous in mentioning it. The error, if any, was favorable to appellants.

The other matters are, we think, sufficiently treated in the opinion.

*Motion overruled.*

Writ of error refused.