J. M. DICKSON ET AL. v. ALICE HOLT.       '

Decided November 3, 1902.

1.—Practice on Appeal—Compromise of Case—Intervention of Attorneys.

After a case was duly brought into the appellate court the appellants filed therein a motion to dismiss the case, and with it an agreement signed by the appellee showing a compromise and settlement of the judgment rendered below and payment of the agreed amount, and the costs of the appellate court were also tendered. The attorneys of the appellee filed a plea of intervention asking leave to resist such motion, and alleging that they owned an interest in the judgment, and that the compromise had been fraudulently made without their knowledge and for the purpose of defeating their rights. Held, that without deciding the issue of fact so raised, the motion and plea would be overruled without prejudice to either party.

2.—Liquor Dealer's Bond—Minors.

Evidence held not to show an infraction of the condition of a liquor dealer's bond as to permitting minors to enter and remain in a saloon where whiskies were sold.

Appeal from the County Court of Montague County. Tried below before Hon. W. W. Cook.

*J. M. Chambers* and *Montgomery & Hughes,* for appellant.

*Speer & Speer* and *W. R. Bellows,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by Alice Holt, a widow, and the mother of Willie Holt, against J. M. Dickson as principal, and A. Newby and J. B. Dickson as sureties, on a retail liquor dealers bond, in the County Court of Montague County, alleging two infractions of the bond : One for selling whisky to Willie Holt, he being under 21 years old, and the other for permitting him to enter and remain in the saloon where whiskies were sold. The death of J. B. Dickson was suggested, and plaintiff dismissed as to him. The other defendants filed a general denial. The case was tried by the court without a jury, and judgment rendered for the statutory penalty of $500 for each alleged breach of the bond, amounting to $1000, and the defendants have bought the case here by appeal, the transcript of the record having been filed here on March 28, 1902.

On October 8, 1902, the appellants filed here a motion to dismiss the case, and with it an agreement signed by the appellee, Mrs. Alice Willingham, and her husband, Frank Willingham, who had intermarried since the judgment was rendered, and by A. Newby, showing a compromise and settlement of the judgment and claim for $400 and the costs of the suit, all of which Newby had paid, except the costs of this court, which he tendered to the clerk. Thereupon the Hon. Ocie Speer, John Speer, and W. R. Bellows, the attorneys of record for Mrs. Alice Holt, asked leave to intervene for the purpose of resisting this motion, alleging in their application, which was sworn to, that they were the owners of

and were entitled to collect and retain one-half the judgment and cause of action; that the compromise and settlement had been made by A. Newby with their client, without their knowledge or consent, the said Newby well knowing of their interest in the judgment, and that it was fraudulently done for the purpose of injuring them and defeating them in the collection of their part of the judgment. This motion and the plea of intervention were submitted along with the case, and, without deciding the issues of fact raised thereby, we have concluded to overrule the same without prejudice to either party to the controversy.

As to the merits of the case, there is only one question presented which requires our serious consideration, and that is whether two conditions of the bond. were breached, or only one.

The evidence of Willie Holt, appellee's witness, and that upon which Mrs. Holt recovered, was as follows: "In July,·1900, I went into his saloon and bought a half pint of whisky from his bartender, Charley Thornton. I was in there just long enough to buy and pay for the whisky, and then I went out. I never was in the saloon at any other time except I went through it once, and as I was going through Mr. Dickson ordered me to go on out. I did not stop at all. I had no order from anyone to get the whisky when I bought the half pint before mentioned. Thornton was tending bar for J. M. Dickson when he sold me this whisky. He made no objection to my being in there when I got the whisky. Dickson was not in the saloon at that time. Thornton tended bar for Dickson for some time after this, as I saw him in passing the saloon."

The plaintiff testified that Willie was her son and was 19 years old on the 8th day of May, 1901.

The foregoing evidence is uncontradicted, and error is assigned that the court erred in rendering judgment for two infractions of the bond when the evidence proved only one. This assignment is sustained, because the evidence fails to prove that the minor was permitted to enter or remain in the saloon, and the judgment·for $1000 is reversed and here rendered against the appellants and their sureties on appeal bond in the sum of $500. And the costs of this court and of this appeal are to be taxed against the appellee.

*Reversed and rendered.*