## Charles White et al. v. J. W. Manning.

### Decided May 8, 1907.

**1.—Liquor Dealer's Bond—Application for License.**

Where a liquor dealer's bond recited that an application for license had been made, and it was shown that a license had been issued, the presumption would be, in the absence of evidence to the contrary, that the officer issuing the license would not have done so unless an application therefor had been made.

**2.—Same—Proof.**

In a suit upon a liquor dealer's bond it is not necessary for the plaintiff to show that he is aggrieved by the unlawful acts of the liquor dealer.

**3.—Same—Act Constitutional.**

The Act providing penalties for the violation of liquor dealer's bonds is not unconstitutional as imposing excessive fines.

**4.—Same—Permitting Son to Drink Beer.**

The fact that a parent had permitted his minor son occasionally to drink beer in his presence would be no bar to his right to recover on a liquor dealer's bond for selling beer to his son.

**5.—Same—Proof.**

In a suit on a liquor dealer's bond it is not necessary to prove that the beer sold the minor was intoxicating.

**6.—Same—Remaining in Saloon.**

Permitting a minor to remain in a saloon for ten or fifteen minutes is a violation of a liquor dealer's bond.

**7.—Same—Clerical Omission.**

The omission of the word county from the allegation in the petition, in a suit on a liquor dealer's bond, that the defendant had paid the tax required by law "to the tax collector of Montgomery, Texas," was immaterial in view of the facts.

**8.—Same—Immaterial Variance.**

Writing the word "spirituous" in a liquor dealer's bond as "apirituous" will not prevent its introduction in evidence on the ground of variance.

**9.—Same—Interest on Penalty.**

It is error to render judgment for interest on a penalty recovered on a liquor dealer's bond.

**10.—Fundamental Error—Cost of Appeal.**

Where objection is made for the first time in the Appellate Court to an error in the judgment of the trial court, though the error is fundamental, the cost of appeal will not be taxed against the appellee when the judgment is reformed.

**11.—Death Pending Appeal.**

A suit on a liquor dealer's bond will not be abated by reason of the death of the principal in the bond after appeal perfected by him.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*Hogg, Watkins & Jones,* for appellants.—The plaintiff was not entitled to recover the penalties sued for, unless he had shown that defendant, Charles White, had fully complied with the statute authorizing the penalty by making and filing a legal application to engage in the business of liquor dealer. Batts Rev. Stats. art. 5060c; Johnson v. Rolls, 97 Texas, 453; Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 601; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551; Texas & Pac. Ry. Co. v. Hughes, 14 Texas Ct. Rep., 894.

Defendants were entitled to a verdict, because the plaintiff had not brought himself strictly within the requirements of the statute, which was penal, by showing that he was aggrieved by the alleged acts of Charles White. Johnson v. Rolls, 97 Texas, 453; Schloss v. Achison, T. & S. F. Ry. Co., 85 Texas, 601; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 551; Texas & Pac. Ry. Co. v. Hughes, 99 Texas, 533; Wakeman v. Price, 14 Texas Ct. Rep., 73; Edgett v. Finn, 36 S. W. Rep., 830; Kruger v. Spachek, 22 Texas Civ. App., 308; Peavy v. Goss, 90 Texas, 93; Veon v. Creaton, 138 Pa. St., 55.

Article 5060g of the Revised Statutes of Texas is unconstitutional and void; in that it provides for the imposition of excessive fines, contrary to sec. 13, art. 1 of the Constitution of Texas. Art. 5060g, Rev. Stat., as amended by 27 Legislature; Axtell's Annotated Const. of Texas, art. 1, sec. 13, p. 30; Tucker on the Constitution, 686.

The court erred in submitting to the jury the right of the plaintiff to recover upon said bond against the said defendants, as it was not shown that the defendant White was ever legally licensed to engage in said business. Green v. Southard, 94 Texas, 472.

In order for plaintiff to recover for a sale of beer, the burden of proof was on him to, by a preponderance of the evidence, bring himself strictly within the terms of the statute by. showing that the beer was a malt liquor.   Cassens v. State, 13 Texas Ct. Rep., 700, and authorities cited; State v. Beswick, 13 R. I., 220; Blatz v. Rohrbach, 116 N. Y., 450; State v. Sioux Falls Brewing Co., 5 S. Dak., 39; Hansberg v. People, 120 Ill., 24, and authorities cited; Greenleaf on Ev., 16 ed., 12; State v. Sioux Falls Brewing Co., 26 L. R. A., 138.

It was not ·the intention of the framers of the statute to make a proprietor of a saloon liable for. two penalties, one for the sale and one for remaining, where a minor entered and purchased a drink, remaining while he was taking his drink and only a very few minutes thereafter.   Minter v. State, 33 Texas Civ. App., 182, approved in Tinkle v. Sweeney, 97 Texas, 190.

A judgment for penalties for infractions of a liquor dealer's bond does not bear· interest.   Hawthorne v. State, 87 S. W. Rep., 841, which says:

"Under no view or theory can it be held that the State is entitled to interest upon the ground that the liquor dealer had used or detained a sum of money due the State by him."

*Nugent & Foster, S. A. Crawford* and *Hill, Williams & Elkins,* for appellee.

REESE, ASSOCIATE JUDGE.—This is a suit by J. W. Manning against Charles White as principal, and G. E. King and B. Cunningham as sureties, upon a retail liquor dealer's bond, to recover penalties to the amount of $5,000 for alleged breaches of said bond in· selling ·intoxicating liquor to plaintiff's minor son and in permitting him to enter and remain in said White's place of business. Defendants answered by general demurrer and general denial and by numerous special exceptions and pleas, the nature of which, so far as material, will be disclosed in passing upon the various assignments of error.   Upon trial with a jury there was a verdict for plaintiff for $1,000 based upon one charge of a sale of liquor to said minor and another for permitting him to remain in the saloon. From the judgment defendants appeal.

By their first assignment of error appellants complain of the refusal of the trial court to direct a verdict for defendants.   Under this assignment the contention is made that the bond executed by White and his co-defendants was not binding on them for the reason that all of the provisions of the statute were not shown to have been complied with.   In this connection it is contended that it is not shown that any application for license had been made. The bond introduced in evidence recites that such application had been made.   It was also shown that license had been issued, which could not have been legally done without the application required by the statute.   (Art. 5060c, Rev. Stat.)   The presumption would be, in the absence of proof to the contrary, that the officer issuing the license had complied with the law.   It was held by the Court

of Civil Appeals of the Third District in the case of The State v. Harper & Crow (13 Texas Ct. Rep., 66) that a bond issued without previous application was not, for that reason, void.

It was not necessary for appellee to introduce evidence to show that he was aggrieved by the act of White in selling the liquor to his minor son, and in permitting him to remain in his place of business, in violation of law and the obligations of his bond. Appellee had a legal right, as well as a moral right, to have White refrain from the acts complained of. It would follow as a necessary consequence of such acts that appellee was aggrieved thereby, and was brought within the class of persons authorized by the statute to sue. (Peavy v. Goss, 90 Texas, 93; Fay v. Williams, 41 S. W. Rep., 497; Tipton v. Thompson, 21 Texas Civ. App., 144.)

There is no merit in the contention, urged under this assignment, that the law under which this suit is brought is in violation of article 1, section 13, of the Constitution, forbidding the imposition of excessive fines. The appellant White by his voluntary act engaged in the business of a retail liquor dealer, and by his voluntary act executed the bond whereby he obligated himself to the State and for the benefit of all persons aggrieved by his violation of such obligation, that he would not commit the acts complained of, under the penalties provided by law for a breach of such obligation. He cannot be heard to complain that such penalties are excessive. He has accepted them by his contract.

The evidence sufficiently shows that White was duly licensed as a retail liquor dealer. The second assignment of error presenting the point is overruled.

What has been said under the first assignment also disposes of the third assignment.

It is a sufficient reply to the fourth and fifth assignments that the fact that appellee had permitted his minor son occasionally to drink beer in his presence is no bar to his right to recover. There is a wide difference between such acts and a resort to public saloons for the purpose of drinking, or for the nearly as harmful purpose of merely loitering or loafing.

The appellants requested the court to charge the jury that if not having been proven that the beer sold was capable of producing intoxication, plaintiff could not recover. The charge was refused and appellants assign such refusal as error. The same question is raised also by the seventh and eighth assignments. The assignments are overruled upon the authority of Maier v. The State (21 S. W. Rep., 974), and Whitcomb v. The State (id. 976).

As to the penalty for allowing appellee's son to remain in the saloon the contention is made by the ninth assignment of error that the judgment is not supported by the evidence. The evidence supports the conclusion that appellee's son with two others went into the saloon, where he purchased a glass of beer each, for himself and his two companions. After drinking the beer they remained in the saloon ten or fifteen minutes, not drinking any more but merely "loitering and lounging around." If appellee's son had bought the glass of beer and remained in the saloon no longer

than was reasonably necessary to drink it, and then went out, we think that the saloon keeper would not have been liable for the penalty prescribed for permitting him to remain in the saloon, in addition to that for selling the drink. (Tinkle v. Sweeney, 97 Texas, 190; Dickson v. Holt, 70 S. W. Rep., 342; Minter v. The State, 33 Texas Civ. App., 182.) While it may be impossible to say just how long the minor may be permitted to remain, after buying the drink, without incurring the penalty for that offense also, we think that permitting him to "stand around loitering and lounging in the saloon" for ten or fifteen minutes, as stated by some of the witnesses in the present case, was sufficient to authorize a judgment for the additional penalty. (Tinkle v. Sweeney, supra; Cox v. Thompson, 75 S. W. Rep., 819.)

The evidence disclosed that the acts charged were committed on or about November 1, 1903, and the verdict of the jury so found. It was further shown that the bond was executed October 24, 1903. Appellants complain in their tenth and eleven assignments of error that it was not shown with sufficient certainty that the acts charged as breaches of the bond were committed subsequent to the date of its execution. Whatever merit there may have been in this contention is destroyed by the special charge given to the jury by the court, at the request of appellants, that they could in no event find against defendants for any sale of liquor prior to October 24, 1903, the date of the bond, and that as to such infraction, if any, they must find for defendants. One of the witnesses positively fixed the date of sales subsequent to the 24th of October.

What has been said in disposing of the first assignment of error disposes also of the twelfth and thirteenth assignments.

It was stated in the petition that appellant White had paid the tax required by law to the tax collector of Montgomery, Texas, omitting the word "county," and it is urged by the fourteenth assignment that for that reason the general demurrer should have been sustained. The proceedings were all in Montgomery County. The license was to do business in that county. The omission was a mere clerical one, and if material at all could not be availed of by general demurrer. This also disposes of the seventeenth assignment.

The fifteenth assignment is without merit, as has been already shown in passing upon the first assignment.

The question presented by the sixteenth assignment attacking the constitutionality of the law on the ground that it imposes "excessive fines and penalties" has been disposed of.

There is no merit in the objection to the introduction of the bond in evidence on account of variance from that declared upon. The variance consisted in writing the word "spirituous" as "apirituous." (Trabue v. Stonum, 20 Texas, 455; Halfin v. Winkleman, 83 Texas, 167.)

The judgment allows interest from its date, and this is assigned in appellant's brief as fundamental error. This case cannot, so far as this point is concerned, be distinguished from a suit by the State to recover like penalties. (Rev. Stat. art. 5060g.) In

either case it is a suit to recover penalties. (Johnson v. Rolls, 97 Texas, 453.) It was held by the Court of Civil Appeals of the Third District in Hawthorne v. The State (87 S. W. Rep., 841) that it was error to allow interest upon such a judgment, citing State v. Steen (14 Texas, 396). The latter was a prosecution for a criminal offense in which a fine was imposed and the judgment of conviction provided for interest upon the amount, after the date of the judgment. The decision is cited with approval by the Supreme Court of California in People v. Sutter St. Ry. Co. (79 Am. St. Rep., 137), which was an action brought under the Code of Civil Procedure to have the franchise of defendant forfeited and a fine imposed for usurpation of the franchise. It was held that a statute of that State, similar to our own, that all judgments should bear interest, did not apply to the judgment imposing the fine. We have grave doubt as to the correctness of the decision in the Hawthorne case, *supra,* but without committing ourselves to the correctness of the doctrine announced, we have concluded to follow it in the present case. If error at all it appears to be fundamental. The judgment of the trial court will be reformed so as to exclude interest. The objection is made for the first time in this court, and we do not think it would be proper to tax the costs of the appeal against appellee.

There being no other error the judgment as reformed is affirmed at the cost of appellants.

Since the submission of the case appellants have filed a motion suggesting the death of appellant White, the principal in the bond, since the perfecting of the appeal, and praying that the suit be abated. The motion is not verified by affidavit, nor is proof by affidavit offered of such death. Section 30 of the Act organizing the Courts of Civil Appeals (Chapter 15, Acts of 1st Called Session of the 22d Legislature, Art. 1026, Rev. Stat.) is as follows:

"If any party to the record in any cause hereafter taken to the Courts of Civil Appeals, by appeal or writ of error, or transferred from the Supreme Court or Courts of (Civil) Appeals, shall have died heretofore, or shall hereafter die, after the appeal bond has been filed and approved, or after the writ of error has been served, and before such cause has been decided, such cause shall not abate by such death, but the court shall proceed to adjudicate such cause and render judgment therein as if all parties thereto were still living, and such judgment shall have the same force and effect as if rendered in the lifetime of all the parties thereto."

Under this statute the suit does not abate by death of the party after appeal perfected to this court, notwithstanding the original cause of action may be one which does not survive. No exception is made in the statute as to such cases, as was done by the Act of 1871 regulating the hearing of causes in the Supreme Court. (Art. 1044, Rev. Stat. 1879.) Construing the latter Act, however, it has been held that after appeal perfected the original cause of action was merged in the judgment and such cases did not abate by the death of the defendant after appeal perfected. (Brooke v.

Clark, 57 Texas, 109; Galveston City R. R. Co. v. Nolan, 53 Texas, 139; following Gibbs v. Belcher, 30 Texas, 79.)

If the judgment had been reversed and the cause remanded the plaintiff would have been remitted to his original cause of action and the suit would have to be abated. The motion to abate the suit is refused for the reasons indicated, but if the law were otherwise, it is doubtful if we could properly abate the suit, upon an unsworn suggestion of the death of the defendant, such as is made the basis of this motion.

*Reformed and affirmed.*

Writ of error refused.