JOHN A. MORRIS ET AL. v. G. E. PRATT.

Decided January 8, 1909.

**1.—Homestead—Designation of Homestead—Statute Construed.**

The purpose of the statute providing how the husband as head of the family shall proceed in order to fix the homestead character upon that portion of the larger tract of land selected by him for his homestead, is to provide a means by which the homestead right may be fixed as against creditors of the husband, and is not a limitation upon his power to otherwise designate the portion which he desires to hold for homestead purposes. The only limitation upon his right in this regard is that he cannot by such designation exclude his place of residence. Revised Statutes, arts. 2404, 2405.

**2.—Same—Mortgage.**

The right of the husband as head of the family to designate the rural homestead, may be exercised by the execution of a mortgage upon a portion of the excess in acreage of the larger tract which does not include his residence or any of his improvements; and when this is done the right to assert homestead rights against the mortgage is barred.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Davis & Davis,* for appellant.

No brief for appellee.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the appellee against appellants John A. Morris and Eb Smith to recover the title and possession of a portion of the J. A. Hines survey in Sabine County. The defendant John A. Morris, in addition to his plea of not guilty, specially pleaded in substance that the title asserted by plaintiff was acquired through a sale under a deed of trust executed by said defendant, and that at the time of the execution of said deed of trust and for a long time prior thereto the land thereby conveyed, which is the land in controversy in this suit, was a part of the homestead of said defendant and his wife, S. E. Morris, and that he and his wife have used and occupied said land as a part of their homestead continuously since said time. Mrs. S. E. Morris intervened in the suit and set up her homestead claim to the property based upon the facts alleged by her husband. She further alleged that she did not consent to the execution of the deed of trust by her husband.

The defendant Eb Smith answered by plea of not guilty and especially pleaded the right to the possession of a portion of the land as a tenant of defendant Morris.

In answer to defendant's plea of homestead the plaintiff filed a supplemental petition in which he alleged in substance that he has discovered since the filing of his original petition that the field notes in the deed of trust under which he claims and in which the land sued for is described as in his original petition, does include a small portion of the defendant's homestead, but that it was not intended by the parties in the execution of said deed of trust that the land therein described should include any portion of said homestead. He further alleges that he has recently had the land surveyed and has cut off from the tract described in said deed of trust all that portion used and occupied by the defendant as part of his homestead, and he disclaims title to all of said portion. The field notes of the remainder are set out in this petition and describes a tract containing 173 acres. It is further alleged that at the time of the execution of said trust deed defendant was residing upon a tract of 150 acres, which adjoins the tract out of which the land described in the trust deed was taken, and most of the cultivated lands and all of defendant's improvements were situated upon said 150-acre tract, "and that by the execution of said deed of trust under the belief that the land described therein did not include any of his improvements and the retaining by him of the 150-acre tract and other unincumbered adjoining lands owned by him, defendant thereby designated his homestead and can not now be heard to say that the land described in plaintiff's supplemental petition was a part of his homestead." The cause was tried by a jury, and under peremptory

instructions of the court a verdict was returned in favor of plaintiff and judgment rendered accordingly.

The facts disclosed by the record are as follows: In 1872 the defendant John A. Morris purchased a tract of 150 acres of land on the Hines survey. He was then married to the intervener, S. E. Morris, and shortly after his purchase he and his wife moved upon the property and have continued to reside there to the present time. The dwellinghouse is near the west line of the tract. In 1873 Morris purchased several hundred acres on said Hines survey immediately west of and adjoining the 150-acre tract. On this tract he placed improvements, consisting of barns, stable, lots and cowpens, and also a small field. In 1893, for the purpose of securing a note for three hundred dollars in favor of H. Pratt, the father of appellee, he executed a deed of trust upon a portion of the second tract purchased by him. He testified that he did not intend to include in this deed any portion of his homestead, and this testimony is not contradicted. He further testified that at the time the deed of trust was executed his 200-acre homestead consisted of a small portion of the 150-acre tract, including his improvements, eight or ten acres in a field and thirty-five or forty acres in a pasture, and the remainder of the 200 acres on the land covered by the deed of trust.

The uncontradicted evidence shows that at the time the deed of trust was executed he had no improvements of any kind on any of the land included in said deed of trust which was adjudged to appellee in this suit. He got most of his wood and timber for building his fences from this land and this was the only homestead use to which it was then being put, and, as before indicated, he had no other lands adjoining the improved portions of the 150-acre tract from which he procured wood and timber. It is not clear from the record what was the actual acreage owned by him, but it is shown to be considerably in excess of 200 acres, excluding the tract recovered by plaintiff. The evidence indicates that the land in the 150-acre tract is not as valuable as that conveyed by the trust deed. The land in controversy was sold under this trust deed and appellee became the purchaser. After the execution of the deed of trust Morris put additional portions of the land in the second tract in cultivation, and he has continued to get wood and timber from the land for use on his place.

The only question presented for our determination is whether upon the facts stated the trial court was correct in holding that the execution by Morris of the deed of trust upon the unimproved excess in acreage of the land owned by him over the 200 acres which he was entitled to hold as his homestead, was in effect a selection or designation of 200 acres of his remaining lands, including his improvements, as his homestead, and that he and the intervener can not now claim any homestead rights in that portion of the land included in the deed of trust which was unimproved at the time the deed of trust was executed.

We think this question should be answered in the affirmative. The right of the husband as head of the family to designate and define the boundaries of the rural family homestead, when such home-

stead is situated upon a tract of land larger than that exempt by law for homestead purposes, is expressly given by article 2403 of the Revised Statutes. The succeeding articles, 2404 and 2405, provide how he shall proceed in order to fix the homestead character upon that portion of the larger tract of land selected by him for his homestead. By the provisions of these articles, in order to protect his homestead right in the portion of the land selected by him for homestead purposes, he is required to execute an instrument in writing describing such portion of the land, which instrument must be duly acknowledged and recorded in the deed records of the county in which the land is situated. The purpose of these articles is clearly to provide a means by which the homestead right of the family in a definite part of a large tract of land upon which the family resides, may be fixed as against creditors of the husband, and can not be construed as a limitation upon the power of the husband to otherwise designate the portion of the land which he desires to hold for homestead purposes, the only limitation upon his right in this regard being that he can not by such designation exclude his place of residence. (Freeman v. Hamblin, 1 Texas Civ. App., 157.) We do not think this right of the husband could be exercised in a more effective way than by the sale or the execution of a mortgage upon a portion of the excess in acreage of the larger tract which does not include his residence or any of his improvements.

Neither the pleadings nor the evidence in this case raised the issue of fraud against the homestead right of Mrs. Morris in the execution of the deed of trust under which appellee claims, and we agree with the trial judge that under the facts shown by the evidence neither Morris nor his wife can now be heard to say that any part of the land recovered by appellee is a part of their homestead.

While Morris testified that he did not intend to include in the deed of trust any of the land now claimed by him as a homestead, there is no pleading attacking the deed of trust on that ground, and the issue of mistake in its execution is not in the case except insofar as that issue is raised by the allegations in plaintiff's supplemental petition that it was not intended in the execution of the trust deed to include therein any of defendant's improvements. The plaintiff having disclaimed as to all of the land upon which the improvements were situated, and the judgment being only for the remainder of the land covered by the trust deed, which is definitely described by metes and bounds, we think the judgment should be affirmed, and it has been so ordered.

*Affirmed.*