HUGHES v. HUGHES.   (No. 652.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1914.)

1. APPEAL AND ERROR (§ 333*)—ABATEMENT OF APPEAL—DEATH OF PARTY.

Rev. St. 1911, art. 1618, provides that if any party of record to a cause taken to a Court of Civil Appeals shall have died, or shall die after the appeal has been filed and approved, or after the writ of error has been served, and before the cause has been decided, such cause shall not abate, but the court shall proceed to decide it and render judgment as if the parties were still living, and the judgment shall have the same force and effect as if rendered in the lifetime of all the parties. Held that, where an appellant dies after an appeal bond has been filed and approved, the appeal does not abate, though the original cause of action does not survive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1846–1850; Dec. Dig. § 333.*]

2. HOMESTEAD (§ 38*)—DESIGNATION — LIMITATIONS.

A husband may designate a homestead of 200 acres out of a larger tract of land, and in doing so is not limited by the mode prescribed by Rev. St. 1911, arts. 3794, 3795; the only limitation being that he cannot exclude his residence and the part actually used for homestead purposes.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 57; Dec. Dig. § 38.*]

3. HUSBAND AND WIFE (§ 6*)—CONVEYANCE OF LAND—HOMESTEAD—DESIGNATION—CONVEYANCE OF OTHER PROPERTY.

Where a husband has designated a homestead of 200 acres out of a larger tract, he may mortgage or convey the excess, and such conveyance passes the title, though the wife does not join therein.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 13–18; Dec. Dig. § 6.*]

4. HUSBAND AND WIFE (§ 6*)—PROPERTY—HOMESTEAD.

Where plaintiff willingly left her husband and home without sufficient cause, and after failing in a suit for divorce, accepted from him another home and used and occupied it as such, the husband's deed to property not then or theretofore occupied by either as a homestead, in which the wife did not join, was valid.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 13–18; Dec. Dig. § 6.*]

5. PLEADING (§ 409*) — WAIVER OF OBJECTIONS.

In answer to the first count of plaintiff's petition, in trespass to try title, defendant pleaded the three-year statute of limitations and not guilty. Held, that the plea of not guilty was a denial of plaintiff's allegation, and put her on proof of everything necessary to establish her right to the land, and in the absence of an exception taken to the plea, plaintiff was not entitled to judgment on the first count of her petition because defendant did not sufficiently deny the facts pleaded therein.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383, 1386; Dec. Dig. § 409.*]

Appeal from District Court, Hall County; J. A. Nabers, Judge.

Action by M. E. Hughes against W. G. Hughes. Judgment for defendant, and plaintiff appeals. Affirmed.

Moss & Leak, of Memphis, and R. E. Taylor and Leslie Humphrey, both of Henrietta, for appellant. J. K. Duke, of Memphis, for appellee.

HUFF, C. J. The appellant, M. E. Hughes, instituted this suit against W. G. Hughes for 160 acres of land, and in the first count of her petition alleges that she and M. H. Hughes, deceased, were married and moved to Hall county as husband and wife; that M. H. Hughes is dead, and he died in August, A. D. 1913; that prior to his death, on the 16th of March, 1912, he deeded the land in controversy to W. G. Hughes, signing the deed alone, which was not joined in by the appellant; that the land at the time of the conveyance was community property of appellant and her husband, and was the homestead prior thereto, and at that date; that the deed was void and of no force and effect, for the reason that appellant did not join in the execution thereof; and that the property constituted their homestead at the time and prior to the execution of said deed, and she sued for the rents, etc., and possession of the land.

The second count in the petition is in the form of an ordinary trespass to try title. To this petition the appellee, W. G. Hughes, answered by the three-year statute of limitation and a plea of not guilty, which plea was sworn to.

The facts show that M. H. Hughes and M. E. Hughes, as husband and wife, purchased and settled upon section 4 of block 2, J. Pointervant survey, on the 11th day of November, A. D. 1895, and that the section of land was a full 640 acres, and that they resided on the south part of the section until they separated as husband and wife. The land in controversy is the south 160 acres of said section. At the time of the execution of the deed by M. H. Hughes to W. G. Hughes appellant and her husband had separated, and the deed to the 160 acres of land was executed by M. H. Hughes, without being joined by his wife, the appellant. The land is described as beginning at the southeast corner of the section; thence west 1,900 varas to its southeast corner; thence north 475 varas, east 1,900 varas, and south to beginning 475 varas. Mrs. Hughes testified in general terms that at the time of the separation and before that time the homestead was on the south part of the section, and at one place

appears to state it was on the south ¼. The other testimony is clear that the improvements, house, etc., used by them as a home was not on the 160 acres so conveyed by the husband, and while the evidence is not clear just where the house was situated, it appears that the land in question during the time Hughes and his wife lived together was segregated from the rest of the section by a wire fence, with a renter's house thereon. The evidence is very indefinite as to what use the 160 acres was put. The effort in this case appears to have been to show that Mrs. Hughes, in a division, did not get as good land as her husband. We are not able to find that the husband at any time dedicated the 160 acres to homestead use. The facts by some of the witnesses, while not clear, indicate that the farm was, in fact, north of the house, and that the house and improvements in which they resided was north of the 160 acres in question. We think the court, from the evidence, was warranted in finding that the husband dedicated the land north of the 160 acres to homestead use, and that the land in question was not at any time part of the homestead, and we impute to the court such a finding. The facts further show that M. H. Hughes and his wife, Mrs. M. E. Hughes, at the time the deed was executed, were husband and wife, but were living apart; that previous thereto the wife sued the husband for divorce, alleging substantially that on the 29th day of October, 1908, her husband struck her in the breast with his fist and struck her on the head with a knife, and that his conduct was such that she was obliged to leave and did leave him and placed herself under the care of her son, T. Hughes, since which time she had not dared to live with him. The suit for divorce was tried in the district court of Hall county, and upon hearing the evidence the court refused to grant the appellant a divorce from her husband, and rendered a judgment refusing her a divorce. In that case she swore to her pleadings. Upon the trial of this case she testified her husband left her upon having a quarrel about some chickens on a Friday, in 1908, but came back in about three days, and said nothing at that time about her leaving the place. She testified after her husband left her she filed the suit upon the advice of some one that she would have to do so to get any part of the land. She further testifies that she did not leave the place willingly, but was given notice to quit. It further appears that she and her husband thereafter entered into an agreement, by which she took 180 acres of land on the north end of the tract, two cows and calves, three horses, and $200 in money, and moved on that land and built a house on it, and has since been living on it for about five years before the institution of the suit, and was then living on it. At the time she signed the agreement she was at her son's house in Donley county.

The evidence in this record is in a very unsatisfactory condition. Counsel in the case present in their brief matters not in the record and assume positions in no way supported by the record. There is no allegation that the husband disposed of the land in fraud of the rights of the wife in the homestead.

[1] The appellee, W. G. Hughes, suggests to this court that since the appeal was perfected that the appellant, Mrs. M. E. Hughes, has died, and moves to abate this appeal, because the homestead claim was personal, and died with the appellant. We took a submission of the motion to be considered with the main appeal. The appellee files an affidavit supporting his plea in abatement, which is not controverted. Under article 1618, R. C. S., an appeal does not abate upon the death of a party after the appeal bond has been filed and approved. It has been held under this article that an appeal does not abate after the appeal has been perfected, notwithstanding the original cause of action may be one which does not survive. White v. Manning, 46 Tex. Civ. App. 298, 102 S. W. 1160; Conn v. Hagan, 93 Tex. 334, 55 S. W. 323. It will therefore, as we understand the authorities, be our duty to entertain jurisdiction and determine whether or not the judgment of the district court was properly rendered. Ellis v. Brooks, 101 Tex. 591, 102 S. W. 94, 103 S. W. 1196.

[2] The husband may designate his homestead of 200 acres out of a larger tract of land, and in doing so he is not limited to the mode pointed out by articles 3794 and 3795, R. C. S., but may otherwise make the designation. The only limitation is that he cannot exclude his residence and that part actually used for homestead purposes. Morris v. Pratt, 53 Tex. Civ. App. 181, 116 S. W. 646; McGaughey v. American National Bank, 41 Tex. Civ. App. 191, 92 S. W. 1003; Smith v. Van Slyke, 139 S. W. 619.

[3] If the husband has so designated the homestead, he may mortgage or convey the excess, and such conveyance passes the title thereto. Medlenka v. Downing, 59 Tex. 32. The evidence indicates that on the north line of the 160 acres there was a fence which segregated that tract from the rest of the section. The residence was on the tract north of this fence. There is a tract of 300 acres where the house was situated suitable for the purposes of the homestead, and the evidence indicates it was so used. This tract is between the 160-acre tract of appellee and the 180-acre given to the wife, or set apart to her. Appellant, after the separation, built a house upon the 180-acre tract, in which she moved and where she has lived up to the time of the suit. We think the court was justified, from the evidence, in holding that the 300 acres upon which the home place was situated was the homestead, and so designated by the husband, and, if so, he had the right to deed the 160-acre

tract to appellee, and such deed passed the title free from the homestead claim of the appellant.

[4] If the land in question was ever the homestead, the evidence is sufficient to warrant the trial court in finding that the appellant abandoned it, as did her husband, and we think it sufficient to show that both had abandoned it as the homestead. The wife sued her husband for divorce, alleging that she was forced to leave the husband on account of cruelty. This question she submitted to the court trying the case, which found against her. In this case she testified her husband left her, but in three days returned, and afterwards she was notified to leave the premises. It appears she and her husband after she left the home had some sort of a contract by which she was to have 180 acres of land, personal property, and money. The evidence is conclusive that she accepted the land, built a house thereon, and up to the trial occupied it as a home. It is evident, or at least the evidence authorized the trial court to find, that she willingly left her husband and home without sufficient cause therefor, and, in addition thereto, accepted another home and used and occupied it as such. While she was so living apart from her husband, the deed to appellee was executed by the husband. Under this state of facts we do not think the deed void, but that the husband had the right to deed the land. Mann v. Wilson, 39 Tex. Civ. App. 111, 86 S. W. 1061; Duke v. Reed, 64 Tex. 705; Moore v. Dunn, 16 Tex. Civ. App. 371, 41 S. W. 530.

[5] Under the appellant's second assignment it is asserted the court erred in not rendering judgment on the first count of the petition, for the reason that the defendant did not deny the facts therein pleaded. The appellee's plea is the three-year statute of limitation, and the plea of "Not guilty." The appellant indorsed her petition: "This action is brought as well to try title as for damages." We find no request for judgment made in the trial court in the record, on the ground that there was no denial of the allegations in the first count. The first time it appears to have been raised was upon motion for new trial. There was no objection, either to the pleading or the evidence, nor was there, in so far as the record shows, a request for judgment as upon confession. The appellant introduced her evidence, and without objection on her part, the appellee introduced his evidence, and the court considered such evidence under the pleadings, and rendered judgment thereon without objection, and not until motion for new trial was there any complaint made. It has been repeatedly held, whatever the form of suit for the title of land, it is an action of trespass to try title. Johnson v. Bryan, 62 Tex. 623; Thomson v. Locke, 66 Tex. 383, 1 S.

W. 112. The Supreme Court, speaking through Judge Coke, in the case of Stroud v. Springfield, 28 Tex. 649, on pages 672, 673, said:

"By this plea (not guilty) they admit nothing, but demand strict proof of everything necessary to sustain the plaintiff's action."

Again that court said:

It "goes directly to the points in dispute under the evidence, and throws upon the plaintiff the burden of proving everything in relation to these points that is necessary to maintain his suit and entitle him to recover."

It is clearly stated, we think, in that case that the plea of not guilty is a denial of the plaintiff's allegation, and puts him upon proof of everything necessary. If under the amendment of the statute with reference to pleadings the denial was not specific enough, an exception should have been taken thereto on that ground, and, having failed to do so, we believe the appellant should be held to have waived her right to a better plea. It has been recently held that the amendment of the law with reference to pleading was made, in part at least, for the benefit of the litigants, informalities of which they could waive, and the record as here presented, we think, clearly indicates a waiver by the appellant before the trial court, and we so hold. Railway Co. v. Tomlinson, 169 S. W. 217.

We find no error in the judgment of the court requiring a reversal, and the case will therefore be affirmed.