## THOMASON v. SHAW.*

### No. 7096.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1933.

McGillivray Muse, of Brownwood, Tex., for appellant.

C. L. McCartney and Gib Callaway, both of Brownwood, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Appellee Shaw was adjudged a bankrupt on his voluntary petition. His debts amounted to more than $50,000, and his assets consisted almost entirely of four city lots in the city of Brownwood, Tex. On two adjoining lots, one acquired in 1920 and the other in 1922, he established his place of residence and has since continued to live upon them. In 1920 he purchased a lot in the business district upon which was located a brick building. On this lot he established a laundry business and added machinery at an original cost of $50,-000. In 1926 he purchased a lot adjoining the lot on which the laundry stands, erected a building, and in it installed a tailor shop and dry-cleaning plant. The machinery in this last-named building cost originally $15,000. He continued to use the plants and equipment located on both business lots from date of purchase up to the time he was adjudged a bankrupt. In filing his schedules he sought to exempt all four lots as his residence and business homestead under the Constitution and laws of Texas, but by a supplemental designation he sought to claim as his residence homestead the lot first purchased by him as such, and as his business homestead the two

lots in the business district upon one of which he maintained his laundry and upon the other his tailor shop and dry-cleaning plant, in the event the court should hold that all four lots exceeded $5,000 in value. The referee valued the residence lot acquired in 1920 at $1,500, the residence lot acquired in 1922 at $1,000, the business lot acquired in 1920 at $2,500, and the business lot acquired in 1926 at $1,000, thus making a total valuation of $6,000, which is not controverted. The district judge held that the bankrupt was entitled to claim as exempt the business lot acquired in 1926, as well as the one acquired in 1920, the first residence lot on which was located the dwelling house, and to turn over to the creditors the residence lot acquired in 1922 on which the improvements were of insignificant value.

The trustee in bankruptcy appeals and contends that the court erred in setting aside to the bankrupt the business lot acquired in 1926, together with the buildings and improvements thereon, and allowing the bankrupt to surrender to his creditors the vacant residence lot, because at the time the second business lot was acquired in 1926 the bankrupt's residence and business homestead consisted of lots of the value of $5,000, exclusive of improvements.

In our opinion the trustee is right in his contention. The Constitution of Texas provides: "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family," etc. Article 16, § 51. The head of a family in Texas is permitted to increase his urban homestead by making purchases of additional lots so long as the total value of all the lots acquired does not exceed $5,000, exclusive of improvements. But where the value of the lots which are used as a homestead at the time the last purchase is made equals or exceeds $5,000, no addition can be made to it by the designation of the newly acquired property. Richards v. Nelms, 38 Tex. 446. To the same effect are the following cases decided by Courts of Civil Appeals of Texas: Hirshfeld v. Brown, 30 S. W. 962; Lake v. Boulware, 12 Tex. Civ. App. 660, 35 S. W. 24. A contrary doctrine was announced by a Court of Civil Appeals in Fitzhugh v. Connor, 32 Tex. Civ. App. 277, 74 S. W. 83; but of course we follow the rule of property announced by the highest court of the state, which so far as we are advised has never departed from its ruling in Richards v. Nelms, supra. It is not doubted that the head of a family may abandon an urban homestead and designate a new one, but he cannot do so to the prejudice of creditors and after their rights have accrued. Revised Statutes, art. 3841, which confers upon the head of a family, whose homestead is a part of a larger tract of land than is exempt, the privilege of designating a certain part of the homestead not exceeding two hundred acres to which the family is entitled under the Constitution, has no application to homesteads in cities or towns. Pellat v. Decker, 72 Tex. 578, 10 S. W. 696. And it has been held that even a rural homesteader cannot by designation exclude his residence from the homestead. Morris v. Pratt, 53 Tex. Civ. App. 181, 116 S. W. 646.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.