**BOOTH et al. v. H. P. DROUGHT & CO.**

**No. 1647.**

Court of Civil Appeals of Texas. Waco.

Dec. 5, 1935.

Rehearing Denied Jan. 9, 1936.

W. V. Dunnam, of Waco, and Reed & Cannon, of Groesbeck, for appellants.

C. S. & J. E. Bradley, of Groesbeck, for appellee.

ALEXANDER, Justice.

This suit was brought by Mrs. Fannie Booth and others against H. P. Drought & Co. primarily for the purpose of canceling a purported deed of trust in so far as it affected 46 acres of land out of a certain 100-acre tract owned by plaintiffs in Limestone county. Plaintiffs claimed that the purported lien was void because the property constituted a part of the homestead of John Booth, now deceased, and his wife, Fannie Booth, at the time they executed said deed of trust. The jury rendered a verdict on special issues favorable to the defendant, and judgment was entered accordingly. The plaintiffs appealed.

The material facts are without dispute. Prior to 1910, John Booth and wife, Fannie Booth, owned and occupied as their homestead 154 acres of land known as the Allbright tract in Limestone county. In 1910 they purchased 100 acres known as the Ker-

ley tract, which is the land covered by the deed of trust in question. These two tracts adjoin each other, but the dwelling house where Booth and his wife resided, together with the barns, stables, lots, outhouses, and all things pertaining to the home, have always been situated on the 154-acre tract. After the purchase of the Kerley tract, the partition fence was removed and the two tracts cultivated and used in every respect as one tract. In 1913 Booth and wife purchased what was known as the Johnson tract, consisting of 21 acres situated three or four miles from the home place. This tract was cultivated by laborers, teams, and tools from the home place and the crops produced thereon were hauled to the home place for consumption thereon. On September 28, 1917, Booth purchased what we call the Lena Walker tract, consisting of 45 acres, which adjoins the 21-acre Johnson tract above described. On November 19, 1917, Booth and wife executed a deed of trust to H. P. Drought & Co. covering the 100 acres known as the Kerley tract to secure the loan here involved, and stated therein that said land did not constitute any part of their homestead, and on the same day, for the purpose of inducing Drought & Co. to make said loan, Booth and his wife executed and recorded a designation in which they designated as their homestead the Allbright tract of 154 acres, the Johnson tract of 21 acres, and the Lena Walker tract of 45 acres. The money so borrowed was used to pay for the 45-acre tract. At the time of the execution and delivery of the deed of trust and the homestead designation, Booth had received and recorded his deed to the 45 acres, but had not yet taken possession of the land, because the tenant of his vendor was in possession with the right of occupancy until the end of the year 1917. However, after acquiring possession of the 45 acres at the end of said year, Booth took possession of the land and continuously thereafter cultivated and used it along with the 21 acres, with labor, teams, and tools from the home place, and used the products therefrom on the home place for the support of the family. In 1927, while all of the four tracts above described were being occupied, cultivated, and used in the same manner as above indicated, Booth and wife renewed the loan on the Kerley tract and stated in the renewal agreement with H. P. Drought & Co. that the land included therein did not constitute any part of their homestead.

The jury, in answer to special issues, found that the loan company at the time it accepted the loan believed and relied on the borrower's representations as contained in the application for the loan, the deed of trust, and the homestead designation, that the land covered by the lien did not constitute any part of their homestead, and that the loan company would not have made said loan but for such representations, and the loan company likewise believed and relied on similar representations contained in the extension agreement executed in 1927 by which the time of the payment of the loan was extended. The jury further found that the 45-acre tract of land actually constituted a part of the family homestead at the time of the execution of the homestead designation in 1917.

■ Appellants' first contention is that the jury was guilty of misconduct, in that they first determined that the loan company should win the case and then set about to so answer the issues as to accomplish that result. Only three of the jurors were called to testify on the motion for new trial. They all testified that, after the jury retired, they first determined that the loan company should win the case. Two of these jurors testified positively, however, that they then took up the issues and discussed and voted on each of them one by one, and that each issue was answered in accordance with the facts and without regard to the effect on the ultimate disposition of the case, and that they did not attempt to so answer the issues as to enable the loan company to win. The third juror testified on direct examination that, in answering the issues, he did so with the view of fixing it so that the loan company could win, but, on cross-examination, he stated that he answered each issue in accordance with the testimony regardless of who should win the case and regardless of whether the answer was in favor of or against the loan company, and that he answered them in the same manner as he would have done if there had not been any previous discussion as to who should recover. Under these circumstances, the construction to be placed on this witness' testimony and the inference to be drawn therefrom was for the trial court. Since the court overruled the motion, we must imply a finding most favorable to the appellee. The evidence was sufficient to justify a finding that the jury previously voted that the loan company should win the case, but that they actually answered each issue in accordance with the evidence and without a design to accomplish any particular result. This does not present such misconduct as to require a reversal of the judgment of the lower court. Waggoman v. Ft. Worth Well Mach. & Supply Co., 124 Tex. 325, 76 S.W.(2d) 1005; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.(2d) 770.

Under the verdict of the jury as above set out, which is amply supported by the evidence, the defendant was entitled to recover. Alexander v. Wilson, 124 Tex. 392, 77 S.W.(2d) 873. But, even if we should be in error in holding that the misconduct of the jury was not sufficient to require a new trial, we think the judgment of the lower court must be affirmed because under the undisputed evidence the defendant was entitled to an instructed verdict, and hence the alleged misconduct of the jury becomes immaterial. We will therefore discuss appellants' various contentions on the merits of the case.

■ Since Booth at the time of the execution of the homestead designation designated more than 200 acres of land as constituting the homestead and did not include therein the land covered by the lien, he had a valid right to mortgage the land included in the lien, provided the land included in the designation actually constituted a part of the homestead and was subject to designation as such. Clearly the 154 acres known as the Allbright tract upon which the improvements were situated and the 21-acre tract used in connection therewith were subject to designation as parts of the homestead. It is appellants' contention, however, that Booth could not lawfully designate the Walker 45-acre tract as a part of the homestead because he had not obtained actual possession thereof at the time he made the purported designation and at the time of the execution of the lien on the Kerley tract.

It is not necessary that the homestead of a family, not in a town or city, be all in one tract, but it may be composed of several different parcels each detached from the other and separated by several miles distance so long as one of such tracts is used as the place of residence for the family and the others are used in connection with the home place for the support of the family. 22 Tex. Jur. 258; Cocke v. Conquest, 120 Tex. 43, 35 S.W.(2d) 673; Autry v. Reasor, 102 Tex. 123, 108 S.W. 1163, 113 S.W. 748. It is true, Booth had not acquired actual possession of the 45 acres at the time of its designation as a part of the homestead, but

this does not appear to be material. He acquired the property for the purpose of using it in connection with the 21-acre tract and the home place for the support of the family and with the intention of making it a part of the homestead. This is established by the fact that he immediately so designated it as a part of his homestead and, upon acquiring possession of the property within a few months thereafter, began to use it for the support of the family and continuously thereafter so used it. Where the owner of a rural homestead buys other land in proximity thereto for the purpose and with the intention of making it a part of the homestead, and land so purchased immediately becomes a part of the homestead by virtue of the mere intent of the purchaser in so acquiring it, and it is then subject to be so designated as a part of the homestead, subject, of course, to the 200-acre limitation. The mere fact that the purchaser does not immediately take possession of and occupy the property as a homestead does not alter the case, especially where the delay in taking possession is satisfactorily accounted for. Under such circumstances the homestead rights attach and the property becomes protected as such the moment the title is so acquired. Andrews v. Security Nat. Bank, 121 Tex. 409, 50 S.W.(2d) 253, par. 7, 83 A.L.R. 44; Gardner v. Douglass, 64 Tex. 76; Barbee v. Lundy (Tex.Civ.App.) 212 S.W. 257; Crockett v. Templeton, 65 Tex. 134; Luhn v. Stone, 65 Tex. 439, 441; Evans v. Daniel, 25 Tex.Civ.App. 362, 60 S.W. 1012; Van Ratcliff v. Call, 72 Tex. 491, 10 S.W. 578; Foley v. Holtkamp, 28 Tex.Civ.App. 123, 66 S.W. 891 (writ refused).

We think that under the facts of this case the 45-acre tract actually constituted a part of the homestead in such manner as to authorize Booth to designate it as such at the time he undertook to do so. However, if it should be conceded that the 45 acres had not been used by Booth in such manner as to make it a part of the homestead and subject to designation as such at the time of the making of the original loan in 1917, still it is undisputed that it was being so used at the time of the renewal of the loan in 1927. At that time Booth and wife executed new notes and signed and acknowledged an extension agreement in which the Kerley tract was again conveyed to the trustee to secure the payment of the new notes, and it was specifically provided therein that all of the covenants, agreements, and stipulations contained in the original deed of trust should remain in full force. The original deed of trust contained a provision that the property described therein was not the homestead of the grantors, but that their homestead was described in a homestead designation of even date thereof. Such extension agreement was sufficient to constitute a valid selection of the homestead at a time when Booth clearly had a right to include the 45-acre tract as a part of his homestead and to exclude the Kerley 100-acre tract as a part thereof. Morris v. Pratt, 53 Tex.Civ.App. 181, 116 S.W. 646.

Appellants further contend that, notwithstanding the 21-acre and the 45-acre tracts were parts of the homestead at the time of the attempted designation of a homestead, Booth could not lawfully denounce a part of the original home place (the Kerley 100 acres) and designate the 21-acre and 45-acre tracts in lieu thereof, because the Kerley tract was the first to be used in connection with the home place, and it could not be eliminated as a component part of the homestead in the absence of a physical abandonment thereof. Rev.St. art. 3841, expressly confers upon the husband as the head of the family the right to designate what lands shall constitute the homestead where the homestead exceeds 200 acres. In exercising this right he is not required to designate the various tracts in the order of their acquisition nor with regard to priority of their use as a part of the homestead, but he may select such tract or tracts or portions thereof and denounce others as he sees fit and according to his own free will so long as he acts in good faith and with fairness to his family and retains from the then existing homestead the amount of acreage required by law, including the dwelling where the family resides and the appurtenances thereto. Affleck v. Wangermann, 93 Tex. 351, 55 S.W. 312; Watkins Land Co. v. Temple (Tex.Civ. App.) 135 S.W. 1063; McGaughey v. American National Bank, 41 Tex.Civ.App. 191, 92 S.W. 1003. It would be too narrow a construction of the provisions of the statute to hold that a tract of land once used as a part of the homestead could not be denounced as such and other subsequently acquired substituted therefor. It might be to the interest of the family to eliminate from the homestead land of poor value and to substitute a better tract therefor. It is important, therefore that the husband as the head of the family be given a free hand in this respect. Appellants' contention is overruled.

Booth died prior to the filing of this suit. Mrs. Booth, his widow, and Mrs. Prince, his daughter, appellants herein, brought this suit as surviving wife and sole heirs of Booth and solely in their own right to cancel the lien held by the defendant. The defendant set up its debt and lien as a defense. The effect of the judgment is to deny plaintiffs a cancellation of said lien and to declare the lien valid against the land, but no foreclosure was awarded. Appellants here contend that the appellee could not set up its lien as a defense without first alleging that it had presented its claim to the administrator of Booth's estate. This contention is overruled. There is nothing to show that there was any pending administration of Booth's estate, and, even if there was such administration, the estate is not a party to the suit, and no recovery is sought against the estate.

The judgment of the trial court is affirmed.