Wagstaff, Harwell, Wagstaff & Alvis, of Abilene, for appellee.

## CHURCH v. TEXAS & PACIFIC MOTOR TRANSPORT CO.

### No. 2530.

Court of Civil Appeals of Texas. Eastland.

March 29, 1946.

Rehearing Denied April 26, 1946.

GRISSOM, Chief Justice.

F. E. Church sued Texas and Pacific Motor Transport Company for damages caused by a collision between defendant's trailer and plaintiff's automobile. The jury found (1) that defendant failed to have lights burning on the rear of its trailer, and (2) that such failure was negligence but, (3) that such negligence was not a proximate cause of the collision. It also found (4) that defendant's trailer was not equipped with reflectors, (5) that this was negligence, but (6) not a proximate cause of the collision. The jury found (7) that defendant's trailer did not have a red light visible for a distance of 500 feet, (8) that this was negligence, but (9) not a proximate cause of the collision. It found (10) that at the time of the collision plaintiff was driving faster than a person of ordinary prudence would have been driving, (10a) that this was negligence, but (10b) not a proximate cause of the collision. It found (10c) that such driving by the plaintiff was a contributing

cause of the collision. It also found (23) that plaintiff failed to observe defendant's trailer within time that he could, with the exercise of ordinary care, have avoided the collision; (24) that such failure was negligence, but (25) not a proximate cause of the collision. It found (26) that plaintiff suffered damages amounting to $12,200. Judgment was rendered on the verdict for defendant, and plaintiff has appealed.

Appellant presents only one point, as follows: "The error of the court in refusing a new trial on the ground of material and prejudicial misconduct of jurors in discussing, expressing opinions concerning, and arguing the legal effect of their answers to special issues."

Appellant alleged in his motion for a new trial that before any of the issues were answered the jury agreed that appellant was entitled to recover, and that they would answer the issues in such manner as to cause a judgment to be rendered for him; that, before the issues on proximate cause and contributing cause were answered, some of the jurors "explained" to others that it was immaterial how they answered such special issues, as their answers thereto would not prevent a judgment for plaintiff, and that several of the jurors were induced thereby to change their votes on said issues and answer same as heretofore shown. Appellant admits that he failed on the motion for a new trial to either establish conclusively or obtain a finding that the jurors were guilty of misconduct in the following respects, as alleged in his motion for a new trial: (a) that the jury agreed to answer the issues so that judgment would be rendered for plaintiff; (b) that the juror Edwards expressly stated that whatever answer was made to certain issues would not affect plaintiff's recovery, or would have no effect; (c) that Edwards undertook to define "contributing cause, as distinguished from expressing his opinion as to its meaning or effect;" (d) that Edwards related his experience as a juror in another case, showing that it was immaterial how the jurors answered the issues on proximate cause. Appellant recognizes that this court as to such matters is bound by an implied finding of the trial court that such misconduct did not occur. However, he contends that the evidence heard conclusively shows that the jurors during their deliberations openly, and with no effort at suppression, discussed, gave opinions concerning and argued with each other about the legal effect of their answers to the issues on proximate cause, and that such action, as a matter of law, constitutes misconduct of the jury and requires a reversal of the judgment. Appellant frankly admits that said facts were not specifically alleged in his motion for a new trial as an independent act of misconduct, but, he contends, it was included in the more extensive allegations heretofore mentioned.

■ Appellant is required to prove conclusively, in the absence of a finding by the trial court in his favor, that the jury was guilty of misconduct. It must also "reasonably [appear] from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." Texas R.C.P. 327. As we understand it, the testimony of the jurors is susceptible of the construction that they answered the issues in question in accord with the court's instructions and as they believed they should have been answered from the evidence. Appellant contends that the testimony of the juror Edwards conclusively shows misconduct. His testimony shows that he and others expressed their opinions as to the effect of their answers to the issues on proximate cause. He did not pose as an expert. He is a blacksmith and had never served as a juror before. He expressly denied that he told other jurors that it didn't make any difference how said issues were answered, that plaintiff would recover anyway. He testified that he did not try to tell the jury how to answer the questions on proximate cause, that he just expressed his opinion; he did not testify what that opinion was; he testified that they tried to follow the court's charge in answering the questions. Juror McCollum testified that he remembered that the court instructed them to answer the issues the way they found the facts to be, regardless of the effect of the answers, and that was what they tried to do. Juror Talley testified that he originally voted to answer issues 6 and 9 "yes," and

10-c "no." When he was asked why he changed his answers, he testified: "Well, some members of the jury put up the argument that it could have been possible that Mr. Church was a little over-speeding and just stayed with the argument until some of us—they overruled some of us, in order to keep from hanging the jury." He said he answered the questions "according to the way I saw it and in order to agree with the jurors." There was evidence that when the jury reached the issues of proximate cause the court's definition thereof was read several times; that there was a "free" discussion; that all the jurors agreed to answer them as they were answered; that all the jurors never did agree that plaintiff was entitled to recover some damages; that they believed both parties were partly to blame. See 41 Tex.Jur. 1212; Goldstein Hat Mfg. Co. v. Cowen, Tex.Civ.App., 136 S.W.2d 867, 876, writ dismissed; 156 A.L. R. 1036; Blaugrund v. Gish, 142 Tex. 379, 383, 179 S.W.2d 266; Boddeker v. Olschewske, 127 Tex. 598, 603, 94 S.W.2d 730.

We have given appellant's contention most careful consideration. We assume that the point presented is included in appellant's motion for a new trial. We are of the opinion that reversible error is not shown. In Maryland Casualty Co. v. Hearks, 190 S.W.2d 62, 64, the Supreme Court, in an opinion by Chief Justice Alexander, discussed an allegation in a motion for a new trial, which was the same as the first allegation in the motion for a new trial in this case, to-wit, that the jury first agreed plaintiff should recover and then designedly undertook to answer the issues so as to accomplish that result. That court said that although a juror testified that after the jury retired it was discussed that if the issues were not answered in a given way plaintiff would not recover said juror did not testify that an effort was made to answer the issues so as to accomplish such result, that, on the contrary, he testified the issues were answered according to the evidence. The Court further said:

"We must assume, therefore, that while the jurors may have discussed in advance the fact that the issues would have to be answered in a given way in order to enable the employee to recover, no effort was made to carry such a purpose into effect. We must further assume that the jury answered each issue in accordance with the evidence and without regard to the results.

"The mere fact that the jurors discussed the fact that the issues would have to be answered in a given way if the employee was to recover is not alone sufficient to constitute misconduct of the jury. It must also appear that the jury designedly attempted to frame the answers to the issues so as to accomplish such a result. Waggoman v. Fort Worth Well Machinery & Supply Co., 124 Tex. 325, 76 S.W.2d 1005; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 773; Booth v. H. P. Drought & Co., Tex.Civ.App., 89 S.W.2d 432, writ dismissed; St. Louis, B. & M. R. Co. v. Cole, Tex.Com.App., 16 S.W.2d 534; Texas Employers' Ins. Ass'n v. Chocolate Shop, Inc., Tex.Com.App., 44 S.W.2d 989; Davis v. Christmas, Tex.Civ.App., 248 S.W. 126, writ dismissed.

"There was no such misconduct in this case as to require a reversal."

See also Commercial Standard Ins. Co. v. Moore, Tex.Sup., 190 S.W.2d 811, 812; Booth v. H. P. Drought & Co., Tex.Civ. App., 89 S.W.2d 432, 434; Mitchell v. Gibson, Tex.Civ.App., 160 S.W.2d 79, 82; Morris v. Jackson's Model Laundry, Tex.Civ. App., 81 S.W.2d 798, writ refused.

The judgment is affirmed.