**DALLAS RAILWAY & TERMINAL CO.
v. BISHOP.**

**No. 5777.**

Court of Civil Appeals of Texas.   Amarillo.
June 16, 1947.

Rehearing Denied July 21, 1947.

652

Burford, Ryburn, Hincks & Ford, of Dallas, for appellant.

Chaney & Davenport, of Dallas, for appellee.

PITTS, Chief Justice.

Appellee, D. F. Bishop, sued appellant, Dallas Railway and Terminal Company, for damages as a result of his own personal injuries, for damages as a result of the death of his wife, and for damages done to his automobile all by reason of alleged negligence on the part of appellant that caused the collision between his automobile and a bus being operated by appellant which occurred on July 28, 1945, at a certain street intersection in the City of Dallas. Appellant joined issues with appellee and pleaded certain acts of contributory negligence on the part of appellee. The case was submitted to a jury in the trial court on a number of special issues. On the verdict of the jury judgment was rendered for appellee in the sum of $22,513 from which an appeal was perfected to the Court of Civil Appeals of the Fifth Supreme Judicial District and the same was transferred to this Court by the Supreme Court.

The jury exonerated appellee from any and all charges of contributory negligence, found that the collision was not an unavoidable accident but that appellee's damages resulted from and were proximately caused by various acts of negligence of appellant. Appellant presents seven points of error which will be discussed by us in the order that seems most logical to us.

Appellant complains of the refusal of the trial court to submit its special requested issues numbers 1(a), 1(b) and 1(c). The issues sought to inquire of the jury if appellee failed to reduce the speed of his automobile before entering the intersection where the collision occurred and if such failure, if any, constituted a lack of ordinary care which proximately caused or contributed to cause the collision. The trial

court submitted to the jury the questions of whether appellee failed to keep a proper lookout prior to entering the intersection, and another question if he failed to keep a proper lookout after he entered the intersection, and another of whether appellee operated his automobile at a speed in excess of 30 miles per hour at the time and on the occasion in question, and another of whether appellee was operating his automobile at a greater rate of speed than was reasonable under the surrounding circumstances, as well as other issues about who entered the intersection first and if appellee failed to sound his automobile horn at the time in question. We are of the opinion that under the rule announced by the Supreme Court in the case of Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W. 2d 143 and Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266, the issue of speed was submitted to the jury and found against appellant. Unless appellee failed to keep a proper lookout and was operating his automobile at a greater rate of speed than was reasonable under the surrounding circumstances, he was not under any duty to reduce the speed of the same at the time and the contention of appellant to the contrary is overruled.

■ Appellant complains that the trial court erred in refusing it a new trial because of improper argument made by appellee's counsel before the jury.

One of appellee's witnesses had testified that the speedometer on appellee's automobile stood at 12 miles per hour after the collision and was locked there; that the dashboard of the automobile was broken and that in his opinion the impact would not have knocked the speedometer lower than the rate of speed the automobile was moving at the time of the collision. Appellee's attorney in his opening argument while discussing appellee's rate of speed quoted the testimony of the said witness and further stated, "If this witness is wrong about it, the City of Dallas is full of mechanics who could dispute that issue if they wanted to dispute it", whereupon appellant's attorney objected on the ground it was prejudicial when all parties discovered the trial judge was absent from the courtroom (the record reveals that the

trial judge had been called to the telephone in an adjoining room and left the courtroom during the argument for a period of about five minutes without calling for a recess of court or advising counsel of his purpose). The record reflects through appellant's bill of exception number two approved by the trial court that appellee's counsel, seeing the trial judge was out of the room, immediately withdrew his statement from the jury and asked the jury not to consider it for any purpose and ceased argument until the trial court returned to the bench. On the return of the court to the bench, appellee's counsel advised the court he had withdrawn his remarks from the jury and asked the court to instruct the jury not to consider his statements and the trial court then instructed the jury not to consider counsel's remarks for any purpose.

In his statement appellee's counsel did not call the name of any witness who might refute the testimony of appellee's witness and he did not give any hearsay statement or any other kind outside of the record. We believe the argument, in effect, amounted to a claim that the testimony of the witness quoted was undisputed and entitled to full credence. But appellee's counsel withdrew his remark immediately and at his request the trial court instructed the jury not to consider counsel's remark for any purpose and it is presumed that the jury obeyed that instruction from the court and it appears to us that no prejudicial error was committed. In support of our conclusion we cite the following cases: Commercial Standard Ins. Co. v. Shudde, Tex.Civ.App., 76 S.W.2d 561; Ford Motor Co. v. Whitt, Tex.Civ.App., 81 S.W.2d 1032; Sam v. Sullivan, Tex.Civ.App., 189 S.W.2d 69.

■ Appellant complains again that it should have been granted a new trial because appellee's counsel criticised appellant's counsel in an improper and prejudicial manner. Appellant's bill of exception number three reflects that during the closing argument of appellee's counsel appellant's counsel objected six successive times in a very short period of time to the argument before the objections were made about which appellant here complains. The bill reflects that the trial court sustained

three of the previous objections, overruled one and took no action on the other two. Later, while appellee's counsel was discussing the issues and particularly the respective rights of motorists at a street intersection, he made reference to the courtesies and consideration people should have for each other and said, "We have got to trust one another to live together in this world. Suppose you have got a knife in your hand. Must I run and get out of your way or can I trust you not to stick that knife in me? Consequently, there is no duty" whereupon appellant's counsel interrupted the argument and objected to the same on the grounds that the argument was prejudicial and inflammatory. The trial court sustained the objection and at the request of appellant's counsel instructed the jury not to consider it. Appellee's counsel proceeded with his argument about the intersection where the collision occurred and the two streets that intersected there and told the jury that a through highway is detected by stop signs placed where the other streets cross the through highway. Appellant's counsel then objected to the argument on the grounds that it was not a proper deduction from the evidence and the trial court sustained the objection. There was no request to instruct the jury not to consider it. Appellee's counsel requested the trial court to instruct the opposing counsel to quit making frivolous objections just because the attorneys for the respective parties did not agree about everything and insisted that he be permitted to make his argument to the jury without interruptions to which remarks objections were made by appellant's counsel again with a request that the jury be instructed not to consider the remarks of appellee's counsel and the jury was so instructed by the trial court. Again appellee's counsel asked that appellant's counsel be instructed to quit making frivolous objections but the trial court said he must not comment. Appellee's counsel proceeded with his argument and asserted that the collision was caused by one of the two drivers and that he thought the physical facts and the undisputed testimony of the officers showed who was to blame and "When you find those facts necessarily every one covered in these ques-tions are answered." Appellant's counsel objected on the ground that it was an effort on the part of appellee's counsel to tell the jury the effect of their verdict. The trial court overruled that objection and we think properly so. Appellee's counsel said that was another frivolous objection whereupon the trial court said, "I am going to ask counsel not to accuse opposing counsel of being frivolous. I think I owe it to counsel to see that they are not so accused." These are the matters about which appellant complains and charges that the argument of appellee's counsel was improper, prejudicial, and constituted reversible error. The record reveals to us that the trial judge sustained most of the objections made by appellant's counsel and instructed the jury not to consider the argument in such instances as a matter of precaution when he was called upon to pass on them in a moment's time as they occurred. But when the same complaints were made to him again in a motion for a new trial and he had time to pass upon them deliberately one by one, he concluded they did not constitute reversible error, if in fact, any error at all and overruled appellant's motion for a new trial. After a careful examination of the record it is our opinion that the arguments about which appellant complains were not inflammatory or prejudicial and we sustain the action of the trial court in so holding. Appellant's counsel had the right to object to the argument of his adversary if he regarded such arguments improper, inflammatory, or prejudicial. On the other hand his adversary had the right under Rule 269, Section (g) of the new Texas Rules of Civil Procedure to appeal to the trial court to protect him from unnecessary interruptions made on frivolous and unimportant grounds and the questions raised under such circumstances are left to the sound discretion of the trial court. In this case counsel on both sides resorted to such rights. But it appears from the record that the matters in controversy were well cared for by the trial court without reversible error. It may be that some of the argument of appellee's counsel was not exactly proper but we are of the opinion that it did not influence the jury and that it is too trivial a matter to be permitted to re-

verse the case. The record reveals that appellant made nine successive objections in a very short time to the closing argument of appellee's counsel and that the trial court sustained five of them with instructions to the jury not to consider the argument made, overruled two of them and took no action on the other two objections. Doubtless appellee's counsel felt justified in calling upon the trial court for protection but we think the trial court served as a very fair moderator and we overrule appellant's complaints to the contrary.

▌ Appellant again contends that the refusal of the trial court to grant a new trial because appellee's counsel advised the jury of the effect of their answers to the issues submitted constituted reversible error. It complains because appellee's attorney made the following statement in his argument to the jury: "Now, about the damages. You are the judges of these damages. Here is a man 64, his wife 62, and he lost his wife as a housekeeper. And the Court says and the law says that if they are to blame they will do what they can to reimburse him for that." Appellant's bill of exception reflects that the argument was made but appellant made no objection to the said argument at the time it was made. Then it complains about the following argument made by appellee's counsel and we shall consider the two complaints together: "This accident, if it was caused by anybody, it was caused by the two drivers, and I think that we have shown by physical facts that can't be disputed and by testimony of your own officers who was to blame, and when you find those facts necessarily every one covered in these questions are answered." The latter statement was objected to by appellant's counsel at the time the argument was made and we have already held hereinabove that the latter argument was not error. However we again so hold and it is our opinion that appellee's counsel did not in either of the two instances about which appellant here complains tell the jury the effect of their answers. He did not suggest how the jury should answer the issues but said in the first instance, "you are the judges of these damages", then correctly stated a proposition of law as

given them by the trial court and left the matter with them. In the second instance counsel said the physical facts and the testimony of the officers show who was to blame for the collision and furnish the necessary facts upon which the jury may base its answers. Certainly counsel had the right to present and review to the jury the evidence favorable to his client and to leave the matter to the discretion of the jury. That is what appellee's counsel did in the matters about which appellant here complains and such complaints are overruled. Our position in this matter is supported by the following authorities: Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160; Gulf States Security Life Ins. Co. v. Edwards, Tex.Civ.App., 109 S.W.2d 1125; Federal Underwriters Exchange v. Coker, Tex.Civ.App., 116 S. W.2d 922.

Appellant charges that the trial court erred in permitting appellee to recover an excessive amount of damages based on the verdict of a jury that were biased and prejudiced rather than a verdict based solely upon the evidence. The record reveals that the jury awarded appellee the sum of $700 as damages to his automobile, the sum of $1,813 as damages because of his own diminished capacity and for the necessary doctors' bills, nurses' bills, hospital expenses and the necessary burial expenses for his wife, and the sum of $20,000 as damages because of his pecuniary loss of the services of his wife. Appellant directs its complaints and arguments to the last item only, that is the allowance of $20,000 by the jury and the trial court as damages to appellee for the pecuniary loss of the services of his wife.

The record shows appellee was 64 years of age and his wife was 62 years of age at the time she was killed on July 28, 1945; that she was a housewife and in good health; that she did all of the housework for herself and appellee including laundry, grocery shopping and all other usual details that compose the duties of a housewife; that appellee and his wife had been married thirty-seven years and had five children, all of whom were over 21 years of age and disclaimed any interest in the claims for damages.

Nine of the jurors in the case testified at the hearing on a motion for new trial and appellant sought to prove jury misconduct as well as a biased and prejudicial feeling on the part of the jury in rendering their verdict in this case. The burden of proof was upon appellant to prove its charges and to prove that it suffered injury therefrom. Appellant had the right to examine the jurors to determine if there had been an overt act of misconduct on the part of any juror such as might be reasonably calculated to improperly influence a juror in reaching a verdict. But the rule does not permit inquiry into the mental processes or calculations of a juror in arriving at the verdict.

It has been held in such cases (1) that the question of whether or not misconduct occurred is a question of fact, but whether or not misconduct, if found, resulted in injury to the complaining party is a question of law; (2) a juror may not preserve or destroy his verdict by testifying to the mental process by which he reached the same; (3) the trial court is no longer required to grant a new trial if it has only a reasonable doubt as to whether or not misconduct affected the verdict; and (4) in determining whether or not the misconduct was material and probably resulted in injury to the complaining party the court must consider the whole record, including the pleadings and all evidence heard on the motion for a new trial and that heard on the main trial. Lackey et al. v. Moffett et ux., Tex.Civ.App., 172 S. W.2d 715; Akers v. Epperson et al., 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028; and Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

In the instant case a careful examination of the record reveals that the testimony of the jurors was indefinite, inconsistent, and conflicting on the issues alleged and was not of such probative force as to show that any juror was influenced by biased, prejudicial or improper motive in answering any of the special issues and we believe the trial court was justified in so finding. Its finding is conclusive on appellate courts. Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729.

Appellant further insists that the damages awarded appellee for the pecuniary loss of the services of his wife were excessive and that there should either be a reversal or a remittitur of at least $15,000. It has been well established by one rule of our jurisprudence that circumstances alter cases when the amount in monetary damages is being determined by reason of death caused by the negligence of another. It has likewise been held that the court may take judicial cognizance of the public prevailing fact that the cost of living and the hiring of domestic services are very high and that the purchasing power of the dollar has likewise been very low. Younger Bros. v. Marino, Tex.Civ. App., 198 S.W.2d 109, and other authorities there cited. Certainly the sum awarded by the jury for the loss of the services of appellee's wife for the remainder of her expected life may seem somewhat high compared to smaller sums approved by our courts in former years as reasonable compensation for losses of somewhat comparable character. The evidence showed the services rendered appellee by his wife, but there was no evidence of their value and no evidence from which their value could be estimated. It is now well established that a jury can estimate the value of the services of a wife as such from testimony detailing the character of such services and it is not necessary to give money estimate of such value. Community Natural Gas Co. v. Lane, Tex.Civ.App., 133 S.W.2d 200. The jury would have been justified in allowing appellee's wife a life expectancy of at least ten years or even more. Assuming the jury fixed her life expectancy at ten years, damages in the sum of $20,000 for her services for a period of ten years would have been $2,000 a year. Divide $2,000 by fifty-two, the number of weeks in a year, and the services of appellee's wife are fixed at $38.50 per week. Assuming that the jury found her life expectancy to be twelve years, the allowance for her weekly services would be $32 and if it found her life expectancy to be fifteen years, the allowance would be $25.50

per week for her services. In any event, it is our opinion that the sum is not excessive for the kind of services the evidence shows she was rendering at the time of her death and would have continued to render had she lived, when we take into consideration the high cost of such services and the low purchasing power of the dollar. It is our opinion that the trial court did not abuse its discretion in overruling appellant's motion for a new trial and appellant's complaints to the contrary are overruled.

We have carefully examined the record and all of appellant's assignments of error and find no reversible error. The judgment of the trial court is therefore affirmed.