### CITY OF DALLAS v. HUTCHINS et al.
### No. 5988.

Court of Civil Appeals of Texas. Amarillo.
Nov. 14, 1949.

Rehearing Denied Dec. 12, 1949.

H. P. Kucera, H. Louis Nichols, Robert B. Hershey, Dallas, for appellant.

Chaney & Davenport, Dallas, Strasburger, Price, Holland, Kelton & Miller and Hobert Price and Royal H. Brin, Jr., Dallas, for appellees.

PITTS, Chief Justice.

Appellee, R. E. Hutchins, filed suit against appellant, The City of Dallas, a municipal corporation, to recover damages for personal injuries sustained by his wife, Mae Hutchins, as a result of her stepping in a hole at nighttime on November 23, 1946. The point where the accident occurred was adjacent to Jefferson Boulevard, a public street in the City of Dallas. The City of Dallas interpleaded Austin Road Company, a private corporation, seeking to recover from it any damages that may be

adjudged against the City. Appellee, Hutchins, then joined the Austin Road Company as a party defendant, alleging that it was also liable for the injuries sustained by Mae Hutchins.

The case was tried to a jury, which exonerated appellee's wife, Mae Hutchins, and Austin Road Company of any and all charges of negligence, found the injuries sustained by Mae Hutchins were not sustained as a result of an unavoidable accident, but that appellee's damages resulted from and were proximately caused by various acts of negligence on the part of the City of Dallas. As a result of the verdict of the jury judgment was rendered for appellee Hutchins for the sum of $15,000 against appellant, The City of Dallas, only, and denied any recovery for either of the said parties against Austin Road Company.

In points one and two appellant charges misconduct of the jury, contending that its verdict awarding damages was influenced by a discussion of the amount of attorney fees appellee Hutchins would be required to pay out of the damages awarded him and further contending that the jury considered the effect of its answers upon the question of liability of the defendants after having been instructed by the trial court not to do so. Under Rule 327, Texas Rules of Civil Procedure, regarding a motion for a new trial because of jury misconduct, the party asserting misconduct has the burden of proving such by a preponderance of the evidence and such party must also establish that such misconduct probably resulted in injury done to him. Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462; and City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. The rules governing the charges here made have been heretofore stated by this court in the case of Dallas Railway & Terminal Co. v. Bishop, Tex.Civ.App., 203 S.W.2d 651, 656, in language as follows:

"It has been held in such cases (1) that the question of whether or not misconduct occurred is a question of fact, but whether or not misconduct, if found, resulted in injury to the complaining party is a question of law; (2) a juror may not preserve or destroy his verdict by testifying to the mental process by which he reached the same; (3) the trial court is no longer required to grant a new trial if it has only a reasonable doubt as to whether or not misconduct affected the verdict; and (4) in determining whether or not the misconduct was material and probably resulted in injury to the complaining party the court must consider the whole record, including the pleadings and all evidence heard on the motion for a new trial and that heard on the main trial. Lackey et al. v. Moffett et ux., Tex.Civ.App., 172 S.W.2d 715; Akers v. Epperson et al., 141 Tex. 189, 171 S.W. 2d 483, 156 A.L.R. 1028; and Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462."

Eleven of the jurors testified at the hearing on the motion for a new trial. The twelfth juror was out of the State and could not be reached. The jurors testified uniformly that during their deliberation they read and endeavored to follow the trial court's instructions, took up the issues one at a time in their regular order, discussed and considered them and voted on them unanimously and separately and disposed of each issue in accordance with the trial court's instructions and the evidence heard. The issue on the measure of damages was the last issue and they uniformly testified that they discussed separately each element of damages submitted by the trial court, unanimously arrived at the proper sum to allow for each element of damages and unanimously voted that the aggregate amount of the damages would be the sum of $15,000. One juror testified positively that during the discussion of the issue for damages and before they arrived at a final sum, a general discussion was had by the jury around a table in the jury room as to the amount of attorney fees appellee would be required to pay his attorneys. He further testified, in effect, on cross-examination that he did not think the jury had all of the facts in the case for which reason he was interested in seeing the City of Dallas get a new trial in the case. He further testified however that they discussed and considered each element of damages separately and unanimously arrived at the aggregate sum of $15,000 without including therein an item for attorney fees. His tes-

timony with reference to there having been a general discussion of attorney fees was refuted by all of the other jurors. Some of the other jurors testified that the matter of attorney fees was mentioned but not discussed or considered in arriving at the amount of damages to be fixed. Some said such was mentioned only casually and others said such was mentioned only in a jocular vein. Several jurors testified that there was some speculation about the per cent appellee would have to pay for attorney fees but there were contradictions, inconsistencies and wide differences in the testimony given by such jurors about the amount of suggested speculative fees some jurors said attorneys received in such cases. Three of the jurors testified that they were present throughout the deliberation of the jury, participated in the discussions and had good hearing but did not hear any mention of attorney fees made by any juror during their deliberations.

 The burden was upon appellant to prove by a preponderance of the evidence that misconduct actually occurred. The trial court had the responsibility of determining whether or not appellant had discharged that burden of proof as a matter of fact and whether or not as a matter of law harm had been done to appellant if misconduct had been shown. In determining the issues of fact the trial court was the judge of the credibility of the witnesses and of the weight to be given their testimony, and the evidence must be considered by us in the light most favorable to the trial court's findings. The trial court heard the positive testimony of one juror who admitted he wanted to see appellant have another chance and was apparently willing to impeach or destroy the jury's verdict in order that such might be accomplished. His testimony in that particular was not supported by the other jurors. There were several other jurors who testified that attorney fees were mentioned either casually or in a jocular manner or in a speculative manner but there were contradictions and inconsistencies in the testimony of these jurors about the question of attorney fees and the percentage mentioned. Then there

was negative testimony given by three jurors to the effect that attorney fees were not mentioned during the deliberation. It was reasonable to assume that the testimony of all jurors revealed that no allowance was made for attorney fees as they discussed and itemized the various elements of damages and unanimously arrived at a proper allowance for each as well as for the proper total amount of damages to be awarded appellee Hutchins.

The Commission of Appeals held in a similar case of Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729, 731, that:

"The indefiniteness, the contradictions, the conflicts, the inconsistencies in the testimony of the jurors prove the soundness of the rule announced in Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 773, 'When a trial court hears the testimony of jurors on an issue of misconduct, * * * he is accorded the same latitude in passing upon the credibility of the witnesses and of the weight to be given to their testimony as the jury had upon the trial of the original cause. If there be any inconsistencies or contradictions in the testimony of a witness upon the hearing of a motion for new trial, it rests within the sound discretion of the trial court to harmonize and reconcile such conflicts so far as possible. *A juror's testimony upon such hearing may be so contradictory and inconsistent that the trial court in exercising its privilege to pass upon the credibility of the witness may be justified in disregarding his entire testimony.*'"

 Under the authorities cited and according to the record in this case it is our opinion that the trial court was justified in finding that misconduct of the jury did not exist and in concluding that no harm was shown to exist if misconduct of the jury had existed. In support of our position we further cite the following authorities: Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287; Balque v. Green, 193 S.W.2d 705; and Church v. Texas & Pacific Motor Transport Co., Tex.Civ.App., 193 S.W.2d 994. Appellant seems to rely principally on the case of White Cabs v. Moore, Tex.Civ.App., 203 S.W.2d 200, but

there are several material distinctions between that case and the one at bar. Most of appellant's other authorities cited in its original and reply briefs in support of its contentions made in points one and two are from decisions handed down before the passage and interpretation of Rule 327, Texas Rules of Civil Procedure.

Appellant predicates its charge of misconduct and error because the jury considered the effect of its answers upon the question of liability of defendants principally upon the contents of a note the jury sent to the trial judge and the reply made thereto during the jury's deliberation. The said note made the following inquiry:

"Is the question asked in Special Issue No. 22 intended to imply liability on part of Austin Road Co. if answered 'Yes', or is it merely to determine whether the hole was filled prior to Nov. 23rd

"H. D. Brawley
Foreman"

The trial judge's answer thereto was given as follows:

"Gentlemen of the Jury:

"The issue is meant to inquire as to a date.

"Paine L. Bush
Judge."

Special issue number 22 of the court's charge referred to in the note made the following inquiry:

"Do you find and believe from a preponderance of the evidence that the Defendant Austin Road Company failed to close the test hole at the place in question prior to Nov. 23, 1946."

In connection with the matters here in issue it is well to state that the record reveals that some months prior to the accident in question, Austin Road Company, under a contract with the City of Dallas, had paved a certain portion of Jefferson Boulevard, including the section near where the accident occurred. The work was completed sometime in July prior to the accident on November 23, 1946, but there was some delay on the part of the City of Dallas in making final payment under the contract. The said City was making some investigation to determine if the Austin Road Company had placed sufficient gravel under the curbs and gutters. In making such investigation, the said City had dug a number of test holes in the pathway adjacent to the curb in order to examine the gravel base under the curb and gutters. The said holes had been left open and were without guard rails or lights to warn the public of the existence of such open holes. It was one of these holes in which appellee's wife stepped and fell after dark on the night in question, which resulted in her injuries. In answer to special issues from one through fifteen the jury had found that appellant, The City of Dallas, had dug the holes and left them open and unguarded and that such was negligence on the part of the City which proximately caused the accident and injuries. The jury had further found that the Austin Road Company was not negligent in its failure to warn the public about the open holes and the existing danger and it also found that appellee's wife had a right to be at the place of the accident on the occasion in question and that she was keeping a proper lookout at the time and place of the accident. Special issue number 21 had inquired if Austin Road Company had agreed to close the hole in question, to which question the jury had given a negative answer. The evidence reveals that such negative answer had been given by the jury before it considered an answer to special issue number 22, since the jurors testified that they considered and answered the questions in regular order as they came to them. Since the jury had found in answer to the preceding issue that the Austin Road Company had not agreed to close the hole in question, it seemed a little confused at the next question which inquired if Austin Road Company had failed to close the hole prior to the date in question. Such apparently confused the minds of some of the jurors and resulted in the sending of the note to the trial judge. After receiving a reply to the note, the jury found that the Austin Road Company did fail to close the hole but it further found that such a failure was not negligence on the part of the Austin

Road Company, thus making the answers to these questions consistent with all others answered by them.

In support of its charge of misconduct of the jury here made appellant offers excerpts from the testimony of two jurors given at the hearing on a motion for new trial but we have failed to find much comfort for appellant in the testimony of either juror. The juror previously herein referred to as one who would like to see appellant have a new trial testified in part that there was a discussion among the jurors during deliberation as to whether or not Mae Hutchins, wife of appellee, should recover from some source for her injuries and that he believed such discussion took place before the jury answered any of the special issues. He further testified that something might have been said about appellant being liable for damages but he could not say positively. As he remembered the matter, the discussion was had only to the effect that she was entitled to something. The foreman of the jury testified that the jury discussed during its deliberation the question of damages and it was just a question of which party was liable. He did not say when the jury discussed these matters. Appellant then asserts that the note sent to the trial judge, together with this testimony, indicates that the jury intended to favor Austin Road Company.

However the foreman of the jury further testified that the note in question was sent to the trial court merely to learn what question number 22 meant and not for the purpose of trying to relieve anyone of liability. Two other jurors testified positively that there was no discussion by the jury prior to answering the issues to the effect that Mrs. Hutchins should receive damages from someone. They further testified, in effect that liability of either party was never discussed but the questions of negligence and damages were discussed, and that the matter of damages was not discussed until the jury reached the last issue, which concerned the question of damages.

The trial court heard the examination of the jurors, observed their demeanor, weighed the evidence, and determined the issues accordingly. According to the record and the authorities previously cited, it is our opinion that the trial court was justified in finding no misconduct of the jury existed in the latter charge made by appellant. We further cite the case of Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62. Appellant's points one and two charging misconduct of the jury are therefore overruled.

Appellant charges in its third point that the damages awarded by the jury are excessive and show the jury was motivated by passion or prejudice and that the jury disregarded the evidence and the instructions of the trial court. The record does not disclose any passion or prejudice or other impure motives on the part of the jury. Neither does the record disclose that the jury disregarded the evidence or the instructions of the trial court.

The burden is upon appellant to show a lack of evidence to support the amount of damages found by the jury. The evidence reveals that Mae Hutchins was 49 years of age and was a saleslady at Titche-Goettinger Company, a department store in Dallas, at a monthly salary of $125 prior to her injuries; that her ankle was badly broken when she stepped in the hole and fell at the time and place of the injuries, and she went to the hospital three times for surgery in an effort to get the bones of her ankle and leg in alignment, all of which, according to the evidence, caused her pain and left her totally and permanently disabled to perform the duties of her profession that she had learned and was engaged in. The evidence shows she was in the hospital 55 days, during which time her doctors' bills and hospital bills were $1600. The evidence further shows that she had not fully recovered at the time of the trial in February 1949 and would never fully recover. The record reflects a considerable volume of testimony with reference to the injuries sustained and damages suffered. The trial court instructed the jury that in fixing the amount of damages, it may consider the injuries sustained, including physical and mental pain and suffering up to the time of the trial and such as she may reasonably and probably suffer thereafter, the value

of her time lost from her employment and her diminished capacity as a housewife as well as the cost of all hospital, doctor and nurse services. The evidence further reveals that a conservative estimate of the elements of damages was made by the jury aggregating the sum of $19,000 but by a unanimous vote of the jury such sum was reduced and fixed at $15,000 which sum was finally returned as the damages awarded.

Courts will take judicial knowledge of the diminishing purchasing power of the dollar in considering a charge of excessive damages awarded by a jury verdict and the damages awarded in a case such as this. The courts of this State have uniformly held that considerable discretion and latitude must necessarily be vested in the jury in determining the amount of damages to be awarded in a personal injury case and that, since each case must be measured by its own peculiar facts, the damages in a case of this character cannot be measured by a mathematical yardstick. Bayshore Bus Lines v. Cooper, Tex.Civ.App., 223 S. W.2d 77; Herrin Transp. Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245, and other authorities there cited. Under the evidence and the law in such cases, it is our opinion that the damages awarded by the jury are not excessive and appellant's point to the contrary is overruled. Younger Bros., Inc., v. Marino, Tex.Civ.App., 198 S.W.2d 109; Dallas Railway & Terminal Co. v. Bishop, supra, and other authorities cited by these cases.

Appellant contends that the trial court erred in refusing to award it a judgment over and against appellee Austin Road Company for the amount of damages awarded appellee Hutchins against appellant. The jury acquitted Austin Road Company of any negligence in the matter and convicted appellant of the negligence that proximately caused the accident and injuries of Mae Hutchins. It further found that the test holes in question were dug by appellant but not dug for the benefit of the Austin Road Company. It likewise found, in effect, that appellant was not diligent in making a final settlement with Austin Road Company for the work done for it by the said Company but that the final acceptance of the said work had already been made by appellant at the time of the accident and injuries in question. It is our opinion there is sufficient evidence to support the said jury findings, which exonerated Austin Road Company from liability under the record before us and made appellant liable for the damages as awarded. The trial court therefore properly so held and appellant's point to the contrary is overruled.

Appellant further complains that the trial court erroneously submitted certain special issues to the jury, which are discussed by us only briefly since it is our opinion that the record does not justify such complaints. It contends that there was no evidence to support an inquiry as to whether or not the test holes in question were dug for the benefit of Austin Road Company or an inquiry as to whether or not the work done by the Austin Road Company had been accepted by appellant at the time of the accident and injuries in question, but the record refutes such contentions and they are overruled. It further contends, in effect, that the inquiries as to whether or not appellant had been diligent in inspecting the work done by Austin Road Company was not supported by the evidence and that such an issue was not an ultimate issue but only evidentiary. It is our opinion that such contentions are not supported by the record. Nevertheless such contentions are overruled since they could not be anything more than a harmless error if in fact any error. Appellant further charges that it was error to inquire if appellant dug the hole in question and permitted it to remain open until after the date of the accident and injury in question because neither issue was controverted and to inquire about such confused and misled the jury, prejudiced appellant's rights, and constituted comment upon the weight of the evidence. The record does not support such charges and they are therefore overruled.

A careful examination of the record and appellant's assignments of error fail to reveal any reversible error. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.